395 P.2d 453

**ASSOCIATES DISCOUNT CORPORATION, Plaintiff-Appellee,**

**v.**

**W. Rodney DeVILLIERS, Defendant-Appellant.**

**No. 7490.**

Supreme Court of New Mexico.

Sept. 21, 1964.

W. Rodney DeVilliers, pro se.

Dolan, Clear and Jones, Thomas E. Jones, Albuquerque, for appellee.

CARMODY, Justice.

This is an appeal from a money judgment, but we do not reach the merits because of the jurisdictional question involved.

Judgment was entered on May 17, 1963, and some fourteen days later, on May 31st, appellant filed and served a motion for new trial. Thereafter, notice of appeal was filed on July 24th, some sixty-eight days after the entry of judgment.

The whole question is whether the motion for new trial was timely filed so as to suspend the running of the time for appeal. It is our considered judgment that the appeal was not timely.

■ It requires no citation of authority to state our oft-repeated holding that the timely allowance of an appeal is jurisdictional in order to place a case on the docket of the supreme court for review. Rule 5 (1) (§ 21-2-1(5) (1), N.M.S.A.1953, 1963 Pocket Supp.) provides that appeals be taken within thirty days from the entry of any final judgment. The rule in addition, in part, states:

".* * * If a *timely* motion is made pursuant to any of the District Court rules hereinafter enumerated, the running of the time for appeal is terminated * * *." (Emphasis added.)

That portion of the sentence quoted is identical to the language used in rule 73(a) of the Federal Rules of Civil Procedure, although, in certain other minor respects, our rule differs from the federal rule.

Our rule 59(b) (§ 21-1-1(59) (b), N.M. S.A.1953), which is identical with the similarly numbered federal rule, provides:

"A motion for a new trial shall be served not later than ten days after the entry of the judgment."

■■ What, then, is a *timely* motion for new trial? Although we have never had occasion to rule on this precise point, the federal courts have held, with surprising unanimity, and we agree, that a motion for new trial, unless made within the ten days provided, does not extend the time for appeal. See Wagoner v. Fairview Consolidated School District No. 5 (10th Cir. 1961), 289 F.2d 480; and Hulson v. Atchison, T. & S. F. Ry. Co. (7th Cir. 1961), 289 F.2d 726. See 7 Moore's Federal Practice, 2d ed., §§ 73.09(4) and 73.09(6); and see also 6 Moore's Federal Practice, 2d ed., § 59.09(1).

Thus appellant's motion for new trial was ineffective insofar as terminating or extending the time for appeal. Therefore, the notice of appeal was not timely and this court has no jurisdiction to consider the merits.

The appeal must be dismissed for lack of jurisdiction. It is so ordered.

CHAVEZ and NOBLE, JJ., concur.