408 P.2d 750

**Bobby ARMIJO, Plaintiff-Appellee,**

**v.**

**FOUNDATION RESERVE INSURANCE COMPANY, Defendant-Appellant.**

**No. 7610.**

Supreme Court of New Mexico.

Dec. 13, 1965.

McRae, Ussery, Mims, Ortega & Kitts, Albuquerque, for appellant.

Sheehan & Duhigg, Albuquerque, for appellee.

COMPTON, Justice.

The plaintiff instituted this action to recover for damages to his automobile under an insurance policy issued to him by the defendant. The latter appeals from a judgment allowing a recovery of the amount of the policy.

As grounds for reversal of the judgment the appellant has advanced three points, under which he maintains (1) that the insurance policy was void from its inception because obtained by fraudulent misrepresentation, (2) that the appellee failed to join in his action an indispensable party, and (3) that the appellee's settlement with and release of the estate of the other driver involved in the accident which caused the damage released it from any liability under the policy.

The first point set out above is the primary ground upon which the appellant resisted the action in the lower court. The second and third points were first raised at the trial by the appellant's motions to dismiss and thereafter in its requested findings and conclusions.

In view of our determination that the third and last point has merit and disposes of the appeal, we confine our consideration to this latter point. Consequently, only those facts pertinent to the settlement and release need be set forth here with any particularity.

On May 14, 1962, the appellee purchased a used 1957 Buick automobile on which a policy of $50.00 deductible collision insurance was issued to him by the appellant. On May 19, 1962, while driving the Buick, the appellee was involved in a head-on collision with another automobile driven by one Aaron Lopez who was killed in the collision. By letter of June 29, 1962, the appellee demanded payment from the appellant under the policy, stating therein that "there is excellent subrogation on this claim and we would like to discuss that aspect with you." On July 12, 1962, the appellant advised the appellee that the policy was void for the reasons set out in point one above and that the premium was being returned. Thereafter, on July 18, 1962, the appellee filed a suit against the estate

of Aaron Lopez to recover damages for his personal injuries resulting from the collision. The present action against the appellant was commenced on August 8, 1962. Thereafter, on September 25, 1962, after negotiations with an adjuster of State Farm Automobile Insurance Company, the liability insurance carrier for the decedent, the appellee settled his claim against the Lopez estate, executed to it a release and, on October 11, 1962, dismissed with prejudice his action against that estate.

At no time prior to the trial of the present action did the appellant have notice or knowledge of the filing of the suit against the Lopez estate nor of the settlement with it and execution of a release by the appellee.

The release, admitted into evidence, provides insofar as pertinent here that:

"\* \* \* the undersigned hereby releases and forever discharges Mrs. Aaron Lopez and estate of Aaron Lopez, their heirs, executors, administrators, agents and assigns, and all other persons, firms or corporations liable or who might be claimed to be liable,

\* \* \* from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever and particularly on account of all injuries, known and unknown, *both to person and property,* which have resulted or may in the future de-

velop from an accident which occurred on or about the 20th day of May 1962 at or near Laguna, New Mexico.

"Undersigned hereby declares that the terms of this settlement have been completely read and are fully understood and voluntarily accepted for the purpose of making a full and final compromise adjustment and settlement of any and all claims, disputed or otherwise, on account of the injuries and damages above mentioned, and for the express purpose of precluding forever any further or additional claims arising out of the aforesaid accident." (Emphasis ours)

At the trial the appellant moved for dismissal on the ground, among others, that there had been a complete settlement by the appellee of all claims arising out of the accident, thus destroying any subrogation rights it may have had both by law and under the terms of the policy, and precluding a recovery under the policy by the appellee. The court reserved a ruling on the motion and, thereafter, permitted the adjuster for State Farm to testify that at the time of settlement and execution of the release it was specifically understood by him, the appellee and the appellee's counsel, that bodily injuries only, and not property damage, were thus covered by the settlement. The appellant objected to this and other similar testimony as being in viola-

tion of the parol evidence rule. Nevertheless, the court found:

"8. On or about September 25, 1962, the Plaintiff, Bobby Armijo, entered into a settlement with State Farm Mutual Automobile Insurance Company, liability insurer of the automobile driven by Aaron Lopez, the other vehicle involved in the collision in which Plaintiff's vehicle was wrecked. By the testimony of the State Farm Mutual Automobile Insurance Company adjuster who negotiated the settlement, this settlement specifically did not include the property damage to Plaintiff's car and was a settlement only of the bodily injuries sustained by the Plaintiff and reserved all rights of the Plaintiff and his insurance carrier to litigate the property damage question if they should see fit."

and concluded:

"3. The settlement with State Farm Mutual Insurance Company, representing the Estate of Aaron Lopez, specifically accepted [excepted] the property damage claim and in no way affected the rights of Foundation Reserve Insurance Company herein."

We think the parol testimony of the adjuster was inadmissible as the release is complete, plain and unambiguous. It is a fundamental principle of law that where the terms of a written instrument are plainly stated, without ambiguity, the use of parol testimony to contradict or vary its terms is prohibited. Woodson v. Lee, 73 N.M. 425, 389 P.2d 196; Hyde v. Anderson, 68 N.M. 50, 358 P.2d 619; Hoge v. Farmers Market & Supply Co. of Las Cruces, 61 N.M. 138, 296 P.2d 476. A complete, valid, written contract merges all prior and contemporaneous negotiations and agreements of the parties, and an oral agreement which is an element of the written contract or which tends to vary or contradict it, either in its express provisions or legal import is inadmissible. Bell v. Lammon, 51 N.M. 113, 179 P.2d 757; Locke v. Murdock, 20 N.M. 522, 151 P. 298, L.R.A.1917B, 267.

The policy of insurance under which recovery here is sought contains the following condition:

"19. Subrogation, * * *. In the event of any payment under this policy, the company shall be subrogated to all the insured's rights of recovery therefor against any person or organization and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The insured shall do nothing after loss to prejudice such rights."

The terms of the policy expressly give the appellant insurance company the right of subrogation and obligates the appellee to do nothing after loss to prejudice such right.

**596**

The release set forth above is equally clear. It is unconditional and unambiguous. It released the estate of Aaron Lopez from all claims on account of both bodily injuries and property damage arising out of the accident in question, and would be a complete defense to any action thereafter brought by the appellee, or his subrogee, for the recovery of property damage.

 We think it is well established that if an insured, without the knowledge of his insurer, effectively releases a wrongdoer from liability for a loss before payment of the loss has been made by the insurance company, he destroys any right of subrogation the insurer may have against the wrongdoer and is, thereafter, precluded from a recovery from his insurer under the policy. Vol. 6, Appleman on Insurance Law and Practice, p. 580, §§ 4092, 4093; 6 Blashfield, Cyclopedia of Automobile Law and Practice, § 4181; 29A Am.Jur., Insurance, §§ 1733, 1735, pp. 810, 811. Also see Hilley v. Blue Ridge Insurance Co., 235 N.C. 544, 70 S.E.2d 570, 38 A.L.R.2d 1090; Libertin v. St. Paul Fire & Marine Ins. Co., 74 S.D. 436, 54 N.W.2d 168.

For the reasons stated, the judgment must be reversed. The cause is remanded to the trial court with instructions that it be dismissed with prejudice.

It is so ordered.

CARMODY, C. J., and CHAVEZ, J., concur.