432 P.2d 820

CENTRAL–SOUTHWEST DAIRY COOP-
ERATIVE, Appellee,

v.

AMERICAN BANK OF COMMERCE, De-
fendant-Appellant and Third-
Party Plaintiff,

v.

UNITED STATES FIDELITY & GUARAN-
TY COMPANY, Appellee, Third-
Party Defendant.

CENTRAL–SOUTHWEST DAIRY COOP-
ERATIVE, Appellee,

v.

GREAT AMERICAN INSURANCE
COMPANY, Appellant.

No. 8342.

Supreme Court of New Mexico.

Oct. 16, 1967.

Grantham, Spann, Sanchez & Rager, Rodey, Dickason, Sloan, Akin & Robb, Charles B. Larrabee, Toulouse, Ruud, Gallagher & Walters, Albuquerque, for Central-Southwest Dairy Cooperative.

Albert T. Ussery, Juan G. Burciaga, Albuquerque, for American Bank of Commerce.

Keleher & McLeod, Russell Moore, Albuquerque, for U. S. Fidelity & Guaranty Co.

## OPINION

MOISE, Justice.

We are here called upon to consider if the judgment appealed from was a decision final and appealable under Rule 54(b) (§ 21–1–1(54) (b), N.M.S.A.1953). If it is determined that it was not appealable, that will dispose of the case.

The record discloses that appellee Central-Southwest Dairy Cooperative commenced this action against appellant American Bank of Commerce to recover certain amounts allegedly paid improperly to the bank by an employee of appellee. A third-party complaint was filed by the bank against the employee, the Bank of New Mexico, and against United States Fidelity & Guaranty Company, surety on a banker's blanket bond in favor of appellant. Additional proceedings were had but which need not be considered in connection with the problem here being determined.

After trial, the court entered its findings and judgment in favor of plaintiff-appellee and against appellant bank. Judgment was entered in favor of appellant bank and against the third-party defendant employee, but in favor of the Bank of New Mexico and in favor of United States Fidelity & Guaranty Company.

The judgment recited that the court had "determined that there is no just reason for delay in entering a partial judgment * *," and, further, that it "specifically retains jurisdiction to dispose of the remaining issues in said causes of action other than Central-Southwest Dairy Cooperative, a corporation, all issues as to said plaintiff having been determined herein."

Within the time provided by Supreme Court Rule 5 (§ 21–2–1(5), N.M.S.A.1953), the appellant gave notice of appeal " * * * from that certain order of the court granting judgment to the Plaintiff Central-Southwest Dairy Cooperative, which judgment was filed July 26, 1966."

After certain preliminary proceedings, United States Fidelity & Guaranty Company moved to dismiss the appeal because of deficiencies in the notice of appeal with respect to the movant. At the hearing on this motion, this court raised the question of whether the judgment appealed from was final and appealable under Rule 54(b), supra. Briefs have now been filed by the parties and the issues on the motion are ripe for decision.

Although recognizing that there might be some advantage to it if it were determined that the appeal was premature, the appellant nevertheless states in its brief discussing the application of Rule 54(b) that "the authority in favor of appellate jurisdiction is sufficient to permit this court to assume jurisdiction without any significant torturing of the requirements of Rule 54(b)."

Their conclusion thus expressed is based on their interpretation of four cases, viz., Gillespie v. United States Steel Corpora-tion, 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964); Marotta v. Milestone, 114 U.S. App.D.C. 237, 314 F.2d 242 (1963); Joseph E. Bennett Co. v. Trio Industries, Inc., 306 F.2d 546 (1st Cir. 1962); and General Time Corporation v. Padua Alarm Systems, 199 F.2d 351 (2d Cir. 1952). It is our view that these cases are not persuasive because of factual differences present in each of them, as hereinafter noted.

United States Fidelity & Guaranty Company argues that the judgment was appealable under Rule 54(b) by virtue of the determination by the court that there was no reason to delay its entry, and the fact that judgments have no effect under our procedure until entered.

We would be disposed to accept this appraisal by counsel for both parties without argument if it were not that the question is one of jurisdiction, and jurisdiction cannot be conferred or acquired by agreement or consent. Duran v. Transit Remanufacturing Corp., 73 N.M. 139, 386 P.2d 237 (1963); Evans v. Barber Super Markets, Inc., 69 N.M. 13, 363 P.2d 625 (1961).

Certain unresolved issues concerning distribution of excess amounts remain to be decided. Rule 54(b) was adopted, not to prevent piece-meal appeals, but to permit them under certain circumstances even though a judgment technically lacked finality. However, the decision to make a judgment final and appealable was for the trial court, and the method provided was that the court make an "express determination" that there was no reason to delay entry of judgment, and "upon an express direction" that the judgment be entered. Both the "express determination" and the "express direction" must be present.

Here we have an express determination that there was no reason to delay entry of the "partial" judgment, but nowhere is to be found a direction of any kind that the judgment should be entered. To hold as United States Fidelity & Guaranty Com-

pany would have us do would effectively eliminate the requirement of "express direction" for entry of judgment. This is true even though we fully appreciate the difference in our procedure and that in effect in the federal courts, and that our rule was copied from the federal rule 54(b) and is identical with it as it existed prior to its amendment in 1961. Nevertheless, we cannot lose sight of the fact that before the rule was adopted by us, it, along with all the others adopted over the years, received individual consideration by us and by an extremely competent advisory committee of the bar. No rule has been adopted without being duly weighed and considered in the light of our practice and procedure. This being true, we cannot give to the fact that we have a requirement for filing before an order or judgment is effective, a construction that would obviate the necessity of an "express direction" for the entry of judgment.

General Time Corporation v. Padua Alarm Systems, supra, involved a decision of the trial court of one of two claims asserted, and a finding that in fact the second claim had been abandoned.

Marotta v. Milestone, supra, involved an action setting forth two claims by two different groups, alleging fraud and misrepresentation in the sale of lands. In passing on the question of the finality under Rule 54(b) of an order dismissing the complaint of one group so as to permit appeal before the other cause of action had been disposed of, the court said:

> "* * * Since, however, the other controversies have been finally disposed of and, moreover, the order of the District Court now before us could not, because of the nature of the other claims, have been on their account 'subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties,' we think Rule 54(b) does not apply, and that we need not disclaim jurisdiction."

When note is taken of finding 12 wherein it is stated that after Central-Southwest Dairy Cooperative had recouped the amount of its losses, additional amounts in excess thereof should "be disbursed to the remaining parties hereto as the Court may direct," it becomes quite apparent that while, in Marotta, the judgment was "not subject to revision" as to appellants before the additional claims were adjudicated, here the situation is directly contrary, and the right to revise has been specifically retained.

Joseph E. Bennett Co. v. Trio Industries, supra, involved a suit and counterclaim growing out of the same contract, and the court decided the issues in the main action in favor of plaintiff, but made no disposition of the counterclaim. Citing and relying on General Time Corp. v. Padua Alarm Systems, supra, the court held that since it had been determined that plaintiff had not breached its contract and was entitled to prevail, there could be no question that defendant-counterclaimant could not recover on the counterclaim. It concluded that all claims had been disposed of and that nothing remained to be done except to perform a ministerial act of entering judgment dismissing the counterclaim. It then concluded the judgment was a "final decision" and appealable under 28 U.S.C. § 1291.

■ We are in entire accord with the expressions of the Supreme Court of the United States in Gillespie v. United States Steel Corp., 379 U.S. 148, 152, 85 S.Ct. 308, 311, 13 L.Ed.2d 199, 203 (1964) when it said:

> "* * * Under § 1291 an appeal may be taken from any 'final' order of a district court. But as this Court often has pointed out, a decision 'final' within the meaning of § 1291 does not necessarily mean the last order possible to be made in a case. Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 545, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528. And our cases long have recognized that whether a ruling is 'final' within the meaning of §

1291 is frequently so close a question that decision of that issue either way can be supported with equally forceful arguments, and that it is impossible to devise a formula to resolve all marginal cases coming within what might well be called the 'twilight zone' of finality. Because of this difficulty this Court has held that the requirement of finality is to be given a 'practical rather than a technical construction.' "

However, this does not mean that the express language of Rule 54(b) is to be disregarded. The court in that case pointed out that in deciding issues of finality "the most important competing considerations are 'the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other,' " and then proceeded to decide that in the particular case these considerations weighed on the side of considering the "piecemeal" appeal. It has not been argued, nor do we perceive how these elements are in any way involved in our present problem.

We would specifically disclaim any purpose to be technical or unbending in our consideration of the problem. However, when, as is true here, final distribution has not been made of funds adjudged to be paid, the judgment recites that it is a "partial" judgment, and there is a total absence of an "express direction" that the judgment should be filed as specifically required by the rule, we see no choice except to hold the judgment not final and appealable, and the appeal accordingly premature.

Because of the conclusion reached, it is not necessary for us to consider or dispose of the issue of sufficiency of the notice to accomplish an appeal from the judgment in favor of United States Fidelity & Guaranty Company.

It follows that the appeal should be dismissed. It is so ordered.

CHAVEZ, C. J., and NOBLE, COMPTON and CARMODY, JJ., concur.