458 P.2d 793

CREGO BLOCK CO., Inc., Plaintiff-Appellee,

v.

D. H. OVERMYER CO., Inc., formerly D. H. Overmyer Warehouse Co., a New Mexico Corporation; Prudential Insurance Co., a New Jersey Corporation, Defendants-Appellants.

No. 8798.

Supreme Court of New Mexico.
Sept. 15, 1969.

Smith, Ransom & Deaton, Albuquerque, for appellants.

Hannett, Hannett, Cornish & Barnhart, Albuquerque, for appellee.

## OPINION

FOWLIE, District Judge.

Defendants, D. H. Overmyer Co., Inc. and Prudential Insurance Co., appeal from the judgment rendered against them in a mechanic's lien foreclosure action.

Defendant Overmyer engaged Green and White Construction Company to build a warehouse on property owned by Overmyer. Plaintiff entered into a written agreement with Overmyer and Green and White to furnish concrete blocks for construction of the warehouse. Plaintiff furnished the blocks which were incorporat-

ed into the warehouse and, not having received payment, filed a claim of lien for $25,548.69, and commenced this action. The court awarded judgment for the full amount together with costs and interest and $2,000 attorney fees, and appointed a special master to sell the property. It found plaintiff's lien superior to the mortgage held by defendant Prudential Insurance Co.

Defendants-appellants assert that the contractor is an indispensable party in a suit involving lien foreclosure, relying upon Sellman v. Haddock, 62 N.M. 391, 310 P.2d 1045 (1957); State Farm Mutual Automobile Insurance Co. v. Foundation Reserve Insurance Co., 78 N.M. 359, 431 P.2d 737 (1967), and the provisions of § 61–2–11, N.M.S.A.1953. We have never before considered this specific question. We hold against defendants on this point.

■ We find nothing in the statute which makes the contractor an indispensable party. The tests of indispensability in Sellman v. Haddock, supra, are whether the plaintiff is the owner of the right sought to be enforced, and whether he could release and discharge the defendant from the liability upon which the action is grounded. Crego, as plaintiff, meets these tests, without the addition of the contractor. We place reliance upon California decisions in interpreting their statute (§ 1193, Cal.Code [1874] now Cal.Civ. Proc.Code, § 1186.1 [1955]) from which our statute (§ 61–2–2, N.M.S.A.1953) is derived. Tabet v. Davenport, 57 N.M. 540, 260 P.2d 722 (1953). California has repeatedly held that the contractor was a proper, but not a necessary party. Hazard, Gould and Co. v. Rosenberg, 177 Cal. 295, 170 P. 612 (1918); Green v. Clifford, 94 Cal. 49, 29 P. 331 (1892), and Yancy v. Morton, 94 Cal. 558, 29 P. 1111 (1892), all hold that the owners were entitled to join interested parties, so all rights could be determined in one case. See also, Genest v. Las Vegas Masonic Building Association, 11 N.M. 251, 67 P. 743 (1902); compare Keeley Lumber and Coal Co. v. Dunker, 76 S.D. 281, 77 N.W.2d 689 (1956); Goodro v. Tarkey, 112 Vt. 212, 22 A.2d 509 (1941); Annot., 100 A.L.R. 128, 131.

Defendants next contend that the court erred in admitting into evidence a letter regarding common ownership of defendant Overmyer and Green and White, and that based upon this error the court granted an in personam judgment against defendant Overmyer.

■ The first amended complaint did not state an in personam claim against defendant Overmyer; the prayer did not request such relief; a finding was not requested nor was one made, that the owner approved the vouchers, as required by the "Supplemental Agreement," as a condition to liability. Dailey v. Foster, 17 N.M. 654, 134 P. 206 (1913). Insofar as the judgment purports to be in personam, it is in error.

■ Lastly, defendants contend that plaintiff's claim of lien did not accurately or sufficiently state "the terms, time given, and conditions of plaintiff's contract," required by § 61–2–6, N.M.S.A.1953. The claim of lien included the language: "That the terms, time given and conditions of claimant's contract are net 30 days." Defendants assert that the language is insufficient because defendant Overmyer and Green and White Construction Company had entered into the Supplier's Agreement mentioned above which provided that upon approval of invoices, Overmyer would make the payments. The invoices were to be paid 30 days after receipt in Overmyer's New York office.

In addition to the provisions in the "Supplier's Agreement," providing for payment by the owner, which apparently were not relied upon, there were provisions for payments by the contract, as follows:

"2. The General Contractor agrees to pay to the Supplier for the above described materials the sum of Not to exceed Thirty Thousand Dollars ($30,000.00) based on unit prices attached in current funds, subject to additions and deduc-

 

tions for changes as may be agreed upon, and to make payments on account thereof in accordance with paragraph 4 hereof. This contract sum includes all fees, taxes, and insurance.

"3. The Supplier shall furnish and deliver said items by the time or times following:

At times and in quantities as ordered by job. Start approximately September 1, 1966. Supplier and General Contractor agree that Owner's Engineer's determination as to whether the items furnished hereunder are acceptable shall be final.

"4. The Supplier shall present to the General Contractor invoices of all items furnished and delivered under this agreement. All billings are to be submitted in duplicate to Green & White Construction Company, P.O. Box 3399, Albuquerque, New Mexico."

There is no contention that the items furnished were not acceptable, so that the time of payment from the contractor under the agreement would seem to be within a reasonable time after receipt by the contractor. The fact that 30 days had been given the owner if invoices were to be sent to its New York office, however, could well be deemed to have allowed the contractor this same period for payment.

In view of the above, we cannot say that the statement of "net 30 days" in the claim of lien was not true in that there was a fatal variance between it and the pleadings. Compare Chavez v. Sedillo, 59 N.M. 357, 284 P.2d 1026 (1955) with Hot Springs Plumbing & Heating Co. v. Wallace, 38 N.M. 3, 27 P.2d 984 (1933), and Allsop Lumber Co. v. Continental Casualty Co., 73 N.M. 64, 385 P.2d 625 (1963).

In Weggs v. Kreugel, 28 N.M. 24, 205 P. 730 (1922), this court held, "The primary object of filing the claim is to give notice to subsequent purchasers and incumbrancers and inform the owner of the extent and nature of the lienor's claim." Defendant Overmyer was the owner and cannot rightfully claim that it was ignorant of the extent and nature of the lienor's claim, having in fact actual notice of the terms and conditions of the contract. Further, there has been no claim of prejudice, and none shown, nor are we impressed that the terms as stated in the claim of lien are materially different from those appearing in the "Supplier's Agreement."

*The judgment is affirmed except insofar as the judgment purports to be in personam the court is directed to limit it to in rem relief. Costs shall be paid by appellant.*

It is so ordered.

MOISE and WATSON, JJ., concur.