462 P.2d 620

**Carmen MOTTO, Plaintiff-Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE IN- SURANCE COMPANY, Defend- ant-Appellee.**

**No. 8849.**

Supreme Court of New Mexico.

Dec. 29, 1969.

Sheehan, Duhigg & Cronin, William C. Erwin, Albuquerque, for plaintiff-appellant.

Eugene E. Klecan, Albuquerque, for defendant-appellee.

## OPINION

COMPTON, Justice.

Appellant appeals from a summary judgment. The appellant, the insured under the terms of an insurance policy issued by appellee, sought to recover medical payments allegedly due under the policy. The facts are not in controversy. Appellant sustained a personal injury in an automobile collision and, without the knowledge of appellee, settled with the party responsible therefor, thereby giving a full release and discharge from liability.

The policy in question contained a medical payment subrogation clause, which reads:

"4. Subrogation * * *

"Upon payment under coverages C, M and division 3 of W–1 and W–2 of this policy the company shall be subrogated to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery which the injured person or anyone receiving such payment may have against any person or organization and such person shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. Such person shall do nothing after loss to prejudice such rights."

One of appellant's claims is that the medical payment coverage is like accident and health insurance, a direct obligation of the insurer for which no right of subrogation would lie. We agree that the payment required for medical expenses (Coverage C) is a direct liability of the insurer, Martinez v. Gulf Insurance Company, 68 N.M. 90, 358 P.2d 1003, but we cannot read out of the policy the subrogation requirement above quoted. Appellant by his settlement cannot now perform this requirement.

On appeal the validity of the subrogation clause is challenged as an assignment of claim for personal injuries. We find a lack of unanimity in the several jurisdictions concerning the assignability of medical expense coverage in an insurance policy. Most of the cases, however, have recognized the right to subrogation, holding either that subrogation does not constitute an assignment of the claim but merely impresses a lien on the proceeds, or, that claims for personal injuries are assignable and that the subrogation clause works such an assignment. The cases on this subject are assembled in Annot., 19 A.L.R.3d 1054. The first position has no support in the New Mexico cases, but the proposition that personal injury claims are assignable has been considered. We have held that the provisions of the Workmen's Compensation Act (§ 59–10–25, N.M. S.A.1953) providing for assignments of personal injury causes of action are valid. Castro v. Bass, 74 N.M. 254, 392 P.2d 668; White v. New Mexico Highway Commission, 42 N.M. 626, 83 P.2d 457. We see no reason why an insurance contract which has the same effect should not be binding.

Since we hold that an insured can, through a subrogation clause such as the one here involved, assign his cause of action, it follows that the insured must abide by the terms of the clause in order to collect. In Armijo v. Foundation Reserve Insurance Company, 75 N.M. 592, 408 P.2d 750, we held that the insured, by releasing the joint tortfeasor from liability for a loss before payment of the loss had been made by the insurer, destroyed any rights of subrogation the insurer had against the joint tortfeasor and thus precluded recovery (by the terms of the subrogation clause) against the insurer under the policy.

Since the insured here, by his own act, destroyed the insurer's right of subrogation, he has violated the express terms of the contract and may not recover thereunder.

The judgment must be affirmed.

It is so ordered.

MOISE, C. J., and WATSON, J., concur.