**FOUNDATION RESERVE INSURANCE COMPANY, Inc., Appellant,**

v.

**William Don CODY, Appellee.**

**No. 17499.**

Court of Civil Appeals of Texas, Dallas.

July 24, 1970.

L. W. Anderson, Anderson, Henley, Shields, Bradford & Pritchard, Dallas, for appellant.

Morton A. Rudberg, Carter, Gallagher, Jones & Magee, Dallas, for appellee.

CLAUDE WILLIAMS, Justice.

William Don Cody brought this action against Foundation Reserve Insurance Company, Inc. seeking to recover the sum of $500, together with interest, penalty and attorney's fees, alleged to be due him pursuant to the terms of "Medical Pay" coverage of a family automobile policy issued to John D. McKee.

The facts were stipulated. On January 21, 1969 William Don Cody was riding in an automobile driven by John D. McKee in Dallas County, Texas when the car was involved in an accidental collision with another vehicle resulting in bodily injury to Cody. As a result of the accident Cody incurred reasonable medical expenses in excess of $500 within one year following the date of the accident. In due time Cody furnished proof of loss to Foundation Reserve Insurance Company, Inc. in which he made demand for payment of the sum of $500, being the maximum amount of recovery provided for medical payments in the family automobile policy issued to John D. McKee. In the meantime Cody made a claim against a third party for bodily injury and medical expenses arising from the collision and has heretofore settled his claim with such third party for a sum in excess of $500 by giving a general release to such third party. Foundation Reserve Insurance Company, Inc. is a foreign insurance company and not qualified to write insurance in the State of Texas. Prior to January 21, 1969 the insurance company had issued its family automobile policy, covering the automobile in question, to John D. McKee, such policy having been issued within the State of New Mexico to McKee who was then a resident of the State of New Mexico. The policy afforded various coverages including public liability, physical damage, uninsured motorist coverage, and expenses for medical services.

Part II–"Expenses for Medical Services" of the policy provided that the company would pay all reasonable expenses (with maximum of $500) incurred one year from the date of accident for necessary medical, surgical, x-ray and dental services, etc.:

"Division 1. To or for the named insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury', caused by accident, * * *;

"Division 2. To or for any other person who sustains bodily injury, caused by accident, while occupying

(a) the owned automobile, while being operated by any Person Insured as defined in Part I; * * *."

Cody was in the category of persons specified in Part II, Division 2(a) above quoted.

Paragraph 13 of "Conditions" of the policy provided:

"SUBROGATION

Parts I, II, and III

In the event of any payment under this policy, the company shall be subrogated to all the insured's rights of recovery therefor against any person or organization and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The insured shall do nothing after loss to prejudice such rights."

The parties stipulated that the only issues to be determined by the court were: (1) Does Condition 13 in the policy prohibit Cody from recovering the $500 medical pay benefits, and (2) if he is entitled to recover the same, may he also recover penalty, interest and attorney's fees?

The trial court, based upon the stipulation, rendered judgment that Cody was entitled to recover the $500, together with penalty, interest and attorney's fees.

Appellant insurance company attacks this judgment in three principal points of error wherein it contends that since appellee was an "insured" within the meaning of the contract of insurance in question, and since appellee had admittedly recovered medical benefits from a third party and had given such party a general release, such action clearly violated the subrogation provision of the policy so as to bar appellee from recovery. After careful study of this record in the light of the applicable authorities we are convinced that appellant is

correct in its position and therefore sustain its Point 1 through 3, inclusive.

At the outset it must be borne in mind that we are concerned with the language of the particular contract of insurance in question. It is not a Texas standard insurance policy issued pursuant to the regulations of the Texas State Insurance Board and governed by the laws of Texas. It is admittedly a New Mexico policy issued in the State of New Mexico between appellant, a New Mexico insurance company, and John D. McKee, a resident of New Mexico. It is important to bear this in mind because it is admitted by the parties that the Texas standard automobile liability policy issued by regulation of the Texas State Board of Insurance, does not grant to the insurance company subrogation rights where payments are made under separate medical expense coverage. The New Mexico contract before us expressly grants subrogation rights to the insurance company under the medical payment provision and the Supreme Court of New Mexico in the recent case of Motto v. State Farm Mutual Automobile Ins. Co., 81 N.M. 35, 462 P.2d 620 (1969), specifically upheld the right of subrogation to the insurance company in medical payment cases.

■ Any rights granted to appellee must flow from the provisions of the contract in question. These contractual rights are substantive rights and, absent any proof to the contrary, must be governed by the laws of the state where the substantive rights accrued. The contract was entered into in the State of New Mexico, between New Mexico residents, so it must be presumed that the parties contracted with reference to laws of place of making. Fidelity Mutual Life Ass'n v. Harris, 94 Tex. 25, 57 S.W. 635 (1900); American Nat. Ins. Co. v. Smith, 13 S.W.2d 720 (Tex.Civ.App., El Paso 1929, writ ref'd); Austin Building Co. v. National Union Fire Ins. Co., 432 S.W.2d 697 (Tex.Sup.1968). Accordingly, we conclude that the contract of insurance involved in this litigation, and upon which

appellee must rely, specifically affords the right of subrogation to appellant insurance company in the payment of benefits under the medical provision of the policy.

■ It is the law of Texas, as well as of New Mexico, that where a person insured under a contract which contains a right of subrogation on behalf of the insurance company settles with or releases a wrongdoer from liability for a loss before payment has been made by the insurance company, the latter's right of subrogation is thereby destroyed. Having done this, the insured forfeits any claim for indemnity under the policy. Motto v. State Farm Mutual Automobile Ins. Co., 81 N.M. 35, 462 P.2d 620 (1969); International Ins. Co. v. Medical-Professional Building, 405 S.W. 2d 867 (Tex.Civ.App., Corpus Christi 1966, writ ref'd n. r. e.); Maryland Motor Car Ins. Co. v. Haggard, 168 S.W. 1011 (Tex. Civ.App., Texarkana 1914); State Farm Mutual Automobile Ins. Co. v. Elkins, 451 S.W.2d 528 (Tex.Civ.App., Tyler 1970); Gulf Ins. Co. v. White, 242 S.W.2d 663 (Tex.Civ.App., Dallas 1951); 7 Tex.Jur. 2d, Automobile Insurance, § 34, p. 278; and 16 A.L.R.2d 1270–1276 and cases therein cited.

■ The principal difference between appellant and appellee would appear to be whether appellee, who is admittedly a "person" entitled to indemnity under the provision of Division 2 of Part II of the insurance contract in question, is also an "insured" as that term is used in connection with Condition 13, "SUBROGATION". A resolution of this question requires that the entire contract of insurance be studied. The contract in this case affords insured's coverage to John D. McKee for public liability and property damage losses under Part I and Part III of the policy. Part IV insures McKee and "any other person while occupying an insured automobile" against loss caused by an uninsured motorist. These insurance coverages are the typical ones generally found in a standard automobile insurance policy.

However, Part II, entitled "Expenses for Medical Services", is a different type of insurance coverage. This coverage possesses separate and distinct legal characteristics. Texas has acknowledged the rule, followed generally, that a provision for recovery of medical payments in an automobile policy constitutes a separate accident insurance coverage. American Indemnity Co. v. Garcia, 398 S.W.2d 146 (Tex.Civ. App., San Antonio 1966, writ ref'd n. r. e.), citing Appleman, Insurance Law & Practice, § 4896; Johnson v. New Jersey Manufacturers Ind. Ins. Co., 69 N.J.Super. 184, 174 A.2d 4; Sims v. National Casualty Co., La.Ct. of App., 43 So.2d 26.

As was said by the court in Blanton v. Nationwide Mutual Ins. Co., 247 S.C. 148, 146 S.E.2d 156 (1966):

> "Clauses of this type have been said to constitute, in effect, separate accident insurance coverage and the obligation runs to the injured person, rather than to the person insured against liability, the contract being one of insurance for the benefit of a third person."

See 42 A.L.R.2d 983 and cases therein annotated.

In the various provisions of the policy a definite distinction is made between "named insured" and "persons insured". It is quite clear from the terms of the contract, considered as a whole, that "persons insured" includes "any other person". By the very nature of things a person qualified to receive benefits under the terms and provisions of Part II, and thereby becoming a beneficiary under the policy dealing with medical payments, certainly falls within the meaning of the word "insured" as used in Condition 13, "SUBROGATION". The word "insured" as used in the subrogation condition, quoted above, is not shown to be limited to John D. McKee but to "any other person" as defined in Division 2 of Part II, including appellee Cody. When all of the terms and conditions of the contract are viewed as a whole we find no ambiguity as to the meaning of the term "insured" as used in the subrogation condition. Cody, being admittedly entitled to recover under Part II for medical benefits, is an "insured" within the subrogation condition so that his acts and conduct in admittedly receiving compensation from a third party and signing a general release certainly acted to defeat the rights of appellant and thereby bar appellee from recovery against appellant.

Our action in sustaining appellant's Points 1 through 3, inclusive, renders it unnecessary that we pass upon or consider appellant's remaining points concerning the alleged error of the court in granting interest, penalty and attorney's fees to appellee.

The judgment of the trial court is reversed and judgment is here rendered that appellee take nothing against appellant.

Reversed and rendered.