499 P.2d 1011

Alice MUSGROVE, Appellant,

v.

DEPARTMENT OF HEALTH AND SOCIAL
SERVICES of the State of New
Mexico, Appellee.

No. 844.

Court of Appeals of New Mexico.

July 14, 1972.

Certiorari Denied Aug. 4, 1972.

William J. Torrington, Alameda, for appellant.

David L. Norvell, Atty. Gen., Robert J. Laughlin, Agency Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

HENDLEY, Judge.

Appellant appeals the termination of welfare assistance pursuant to Aid to the Aged, Blind and Disabled (AABD), asserting (1) Appellee failed to follow its own regulation, and (2) Appellee's regulation denying credit for rent paid to a relative makes an unlawful classification between landlords who are relatives and those who are not.

We affirm.

Appellant had been receiving AABD assistance in the amount of $10 per month. She moved from the house she was renting for $25 per month into a room at her sister's home. Her assistance was terminatd because the "common requirement" of shelter (Regulation 231.81(A) (2)) had decreased by reason of Regulation 231.822(B) (4) which states:

"*Shelter payment to relatives*

"a. When an AABD budget group is living with relatives in the relative's home and the relative is the head of the household, shelter may be budgeted if it is verifted that the client is required to pay a part of shelter costs and one of the following circumstance also applies:

"(1) It can be determined that the client's presence in the home has resulted in either:

"(a) an increase in the relative's rental costs caused by moving to larger quarters or renting additional space in order to provide room for the client; or

"(b) the necessity for the relative who owns his home to add to the home in order to provide space for the client. The amount budgeted in such instances may not exceed the client's proportionate share of the standard for rent.

"(2) The accommodations within the relative's home which are now occupied by the client were a source of rental income to the relative immediately prior to the client's occupancy. The amount budgeted may be the amount previously charged by the relative subject to the maxima on rental standards.

"(b) When a client maintains a separate household in a home owned by relatives, rent, if charged, or taxes and home maintenance if Section 8 belows applies, may be budgeted subject to the budgetary standards and maxima."

At the hearing appellant contended that subsection (4) quoted above was not applicable and that subsection (1) was applicable. That subsection states in part: "1. *Rent*—The actual amount paid for rent may be included in the budget. * * *"

On appeal appellant relies on subsection 4(b) as a ground for reversal. We decline to answer this question because it is a change in the theory presented to the hearing officer. Appellant will not be permitted to change his theory of the case on appeal. Board of Education v. State Board of Education, 79 N.M. 332, 443 P.2d 502 (Ct.App.1968).

Appellant next contends the department regulation 231.822(B) (4) (a) is unreasonable and unlawful when it denies a credit for rent actually paid to a relative. Appellant asserts that to not allow a credit for the actual payment, is to set up an unreasonable and arbitrary classification based upon no reasonable distinction between relatives and non-relatives and is thus discriminatory. We disagree.

As stated in Dandridge v. Williams, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970), reh. den. 398 U.S. 914, 90 S.Ct. 1684, 26 L.Ed.2d 80 (1970):

"In the area of economics and social welfare, a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. If the classification has some 'reasonable basis,' it does not offend the Constitution simply because the classification 'is not made with mathematical nicety or because in practice it results in some inequality.'"

The classification as established by the regulation is not discriminatory. The record does not disclose that it cost additional monies for the relative to provide housing for appellant. Nor did it reduce a source of income to the relative. Appellant provided her own clothes, bed, dresser, chair and groceries. The record fails to show any increased burden on the relative because of appellant's presence in the home.

At oral argument appellant asserted that we must review the record to ascertain whether the appellee's decision is supported by substantial evidence. Failing to be a jurisdictional question this may not be first raised here on appeal. Section 21-2-1 (20) (1), supra.

Affirmed.

It is so ordered.

WOOD, C. J., and COWAN, J., concur.