633 P.2d 1229

**SEABOARD FIRE & MARINE INSURANCE COMPANY, a corporation, and Joseph F. Higgins, Plaintiffs-Appellants,**

v.

**Victoria A. KURTH, Defendant-Appellee,**

**No. 4112.**

Court of Appeals of New Mexico.

Aug. 5, 1980.

**632**

Farlow & Bradley, P. A., Albuquerque, for plaintiffs-appellants.

Thomas A. Simons, IV, Santa Fe, for defendant-appellee.

## OPINION

ANDREWS, Judge.

In this action we are asked to consider whether a claimant under the Workmen's Compensation Act [§§ 52–1–1 to 52–1–69, N.M.S.A. 1978], may assign all of his rights of action to a third party, in this case the workmen's compensation insurer.

On January 25, 1978, plaintiffs Seaboard Fire & Marine Insurance Company and Joseph F. Higgins filed suit against defendant, Victoria Kurth, alleging damages arising out of an automobile accident which occurred January 28, 1975. Paragraph 3 of the original complaint alleged specific acts of negligence on the part of the defendant and, also alleged that Higgins suffered injury. However, no claim for relief was sought for Higgins personally in that original complaint. Thus, the only injury asserted was the claim of Seaboard which alleged payment of benefits to Higgins under the Workmen's Compensation Act, and an assignment from Higgins to the extent of those payments.

Seaboard and Higgins filed a first amended complaint on July 6, 1978, containing a first cause of action setting out Seaboard's claim for the amounts paid under the workmen's compensation policy issued to Underwriters Adjusting Company. The second cause of action claimed damages to Higgins as a result of the accident—these damages were not claimed in the first complaint. Between the time of the first complaint and the amendment the defendant filed a motion to dismiss Higgins as a party on the ground that no claim for relief was asserted on his behalf. The trial court found that the second cause of action was barred by the statute of limitation, and entered an order September 7, 1978, dismissing Higgins' claim. On March 28, 1979, Seaboard's claim was also dismissed. Seaboard had contended in paragraph 6 of the original complaint that "by statute the plaintiff Seaboard Fire & Marine Insurance Company has an assignment from Joseph Higgins." The trial court ruled that as Higgins was no longer a party, and as the claimant is an essential party, Seaboard did not have the right to action.

Seaboard alleges that a written subrogation receipt rather than the claim of statutory assignment transferred all of the claimant's rights to actions to them. As such was the case, Higgins was not an indispensable party, and the trial court erred in dismissing the action. The questions before us then, are whether, in a multi-party litigation, the time limit for appeal on a final order pertaining to one party runs from the time of that order, or from the time the entire action is completed; and, whether a claimant under the Workmen's Compensation Act can contractually create an assignment of his claim

against a third-party tortfeasor such that he is not an indispensable party to the action brought against the tortfeasor.

■ As to the first issue Rule 54(b)(2), N.M.S.A. 1978, clearly establishes the law. Under the "final judgment" rule a judgment dismissing all claims of one plaintiff is final at that time, and such party cannot wait until the remaining claims are concluded before appealing. *See Stotlar v. Hester*, 92 N.M. 26, 582 P.2d 403 (Ct.App.1978); *Gengler v. Phelps*, 89 N.M. 793, 558 P.2d 62 (Ct.App.1976). As stated in *Stotlar v. Hester, supra,* "[i]n multiple party suits, Rule of Civ. Proc. 54(b)(2) authorizes a judgment adjudicating 'all issues' as to one or more, but fewer than all parties.... The summary judgment adjudicated all of plaintiff's claims [against defendant]; there was no provision in the summary judgment that it was not final. The summary judgment was an appealable final judgment. * * * " 92 N.M. 26 at 27, 582 P.2d 403.

In the case before us, the order entered September 7, 1978, dismissed with prejudice all claims asserted by plaintiff Higgins, and there was no provision in the order to the effect that this dismissal was not final. The time for Higgins to appeal this ruling began to run on September 8, 1978, and expired on October 9, 1978. The timely filing of a Notice of Appeal is a fundamental requirement for appellate review. *Daughtrey v. Carpenter*, 82 N.M. 173, 477 P.2d 807 (1970); *Associates Discount Corp. v. DeVilliers*, 74 N.M. 528, 395 P.2d 453 (1964). Since no timely appeal was taken from the September 7, 1978 order, that ruling is not subject to review, and the dismissal of Higgins as a party is therefore affirmed.[1]

■ The next issue is whether if Higgins is no longer a party to the action, Seaboard, through an assignment of the claim, can maintain the cause on behalf of the missing plaintiff. It is clear that in a workmen's compensation action the statute creates no right of subrogation or assignment in the insurer, merely the right to reimbursement. *Reed v. Styron*, 69 N.M. 262, 365 P.2d 912 (1961). Section 52–1–6, N.M.S.A. 1978, allows an insurer to recover benefits it has paid where the claimant has been successful in a tort action against a third party. This is, however, an entirely different proposition than creating a right of action in that insurer. *Herrera v. Springer Corp.*, 85 N.M. 6, 508 P.2d 1303 (Ct.App.), *rev'd on other grn'ds*, 85 N.M. 201, 510 P.2d 1072 (1973).

The difference between this action and *Herrera v. Springer, supra*, should be noted. In that case, the court also dealt with a claimant's suit against a third party tortfeasor. The defendant sought to set aside a default judgment arguing that the insurer was an indispensable party because claimant had informed the trial court of an agreement to reimburse the insurer for payments made under the Workmen's Compensation Act. The court was not dealing with an attempted voluntary assignment of the cause of action, but rather with a theory of involuntary subrogation which, if accepted, would have worked against the claimant. This distinction is critical.

Here, we are urged to accept the theory that although the statute does not invest the insurer with such a right, the claimant may assign all of his interest in the action to the insurer by contract. Further, that once such an assignment has occurred, it is the insurer alone which would have the right to release the defendant. The net effect of such an assignment would be to render the claimant dispensable. Section 52–1–56 does not invest the insurer with a "right to collect", but rather gives that right to the claimant and the right to reimbursement to the insurer. *Herrera v. Springer, supra*. However, it is clear that if claimant is able to transfer to the insurer

---

1. Appellant argues that since the March 28, 1979 order mentions the previous dismissal of Higgins, such order incorporates the earlier order and is therefore appealable. We find this argument unpersuasive. The earlier order, as shown above, was a final order from which no appeal was taken. Mention of such fact in a latter order does not re-establish jurisdiction. *See Central-Southwest Dairy Coop. v. American Bank of Commerce*, 78 N.M. 464, 432 P.2d 820 (1967).

the totality of his rights—in effect the right to collect and the right to release—then, it owns the right sought to be enforced and is in a position to release the third party from the liability upon which the action is grounded. In this situation the insurer is an indispensable party. *Sellman v. Haddock*, 62 N.M. 391, 310 P.2d 1045 (1951); *Crego Block Co. v. D. H. Overmyer Co.*, 80 N.M. 541, 458 P.2d 793 (1969); *Herrera v. Springer, supra.*

As it is obvious that § 52–1–56 does not give the insurer the necessary rights to create this status, we are asked to find that the claimant who possesses them under this section may transfer them to an insurer. In *Motto v. State Farm Mut. Auto. Ins. Co.*, 81 N.M. 35, 462 P.2d 620 (1969), the court recognized that in a personal injury case an injured person may assign his cause of action. Whether this same right is established under the Workmen's Compensation Act is the question here.

Section 52–1–56(C) states in relevant part:

> [t]he right of any workman * * * to receive payment or damages for injuries occasioned to him by the negligence or wrong of any person other than the employer, * * * *shall not be affected by the Workman's Compensation Act, * * ** (Emphasis added.)

If the clear language of the statute is accepted at face value we must assume that "the right of any workman to receive payment ... [is not] affected by the ... Act." It might be argued that this speaks only to the right to actually receive the damages, but does not preserve the peripheral rights a plaintiff possesses. We cannot accept this argument. Section 52–1–6 specifically states:

> [n]othing in the Workmen's Compensation Act, however, shall affect, or be con-

strued to affect, *in any way*, the existence of, *or the mode of trial of*, any claim or cause of action which the workman has against any person other than his employer. * * * (Emphasis added.)

[T]he proposition that personal injury claims are assignable has been considered. We have held that the provisions of the Workmen's Compensation Act (§ 59–10–25, N.M.S.A. 1953) providing for assignments of personal injury causes of action are valid.

*Motto v. State Farm Mutual Automobile Insurance Company*, 81 N.M. 35 at 36, 462 P.2d 620.

An analysis of other jurisdictions reveals that there are five subrogation schemes. The first two are at the extremes—an absolute bar of subrogation,[2] and absolute subrogation.[3] In the third, subrogation and direct action co-exist—allowing either the payor or employee to sue.[4] Twenty-two states have a scheme similar to that in effect in New York. There, the employee has six months after the awarding of compensation to initiate an action against the third party. Failure to do so results in subrogation.[5] The fifth method of dealing with this problem exists in Maryland and Maine, where it is the subrogee who has the first chance to bring the action.

In the states which allow absolutely no subrogation, Georgia, West Virginia, and Ohio, the underlying theory is that subrogation should only be allowed by express statutory provision. This is clearly not the case in New Mexico. *See Motto v. State Farm Automobile Ins. Co., supra.*

States which allow election, such as Idaho, base the absolute subrogation on the need of the insurer to attempt to offset the amounts paid. However, this scheme provides that the excess over the compensation

---

**2.** Three states presently have such a format; Georgia, West Virginia, and Ohio. Other states, such as Oklahoma and Minnesota bar subrogation in specific situations such as death cases.

**3.** Idaho, Colorado, Texas.

**4.** *See generally,* Cal. Labor Code §§ 3852–60 (Supp.1972); Mass.Gen.Laws Ann. ch. 152, § 15 (Supp.1971).

**5.** The New York provisions are by far the most widely followed on this and many other compensation issues. It expresses the basic liberal intent of the compensatory insurance schemes.

claim be paid to the employee. Idaho Code Ann. § 72–204 (1958). The theory in this situation is clear; the claimant will receive the amount due under the compensation statute, the insurer can recover that amount from a third party, and the claimant will receive any excess. The only apparent shortcoming is that the claimant may be denied the excess if the insurer does not feel compelled to litigate the third party claim. The liberal intent of the statute can, however, be seen in a scheme which creates the ability to transfer the cause of action to the insurer.

■ Section 52–1–56 seeks only to prevent double recovery by a claimant. *Brown v. Arapahoe Drilling Co.*, 70 N.M. 99, 370 P.2d 816 (1962); *Transport Indem. Co. v. Garcia*, 89 N.M. 342, 552 P.2d 473 (Ct.App.) *cert. denied.* 90 N.M. 9, 558 P.2d 621 (1976). In our view, nothing in that section alters the claimant's right to assign a personal injury action. Rather, when read in light of § 52–1–6, it is clear that the Legislature—expressing the liberal intent of this scheme,[6] sought to insure all workmen against specific injuries and to allow every other avenue previously extant to redress wrongs not contemplated by the Act. One such avenue is assignment of the entire claim to an insurer.

■ The right of subrogation can arise either by operation of law or by convention or contract between the parties. *State Farm Mutual Automobile Ins. Co. v. Foundation Reserve Ins. Co.*, 78 N.M. 359, 431 P.2d 737 (1967); and, although it is clear that the right of subrogation does not arise by operation of law under § 52–1–56(C), *Herrera v. Springer Corp., supra*, New Mexico courts have never excluded the possibility of this right arising by convention or contract between the parties.

■ The "subrogation receipt" given by Higgins to Seaboard states:

the undersigned hereby subrogates said insurance company, to *all the rights,* claims and interest which the undersigned may have against any person or corporation liable for the loss mentioned above. * * * (Emphasis added.)

In our opinion, this receipt operated to assign Higgins' claim to Seaboard.[7] We see no reason to distinguish the assignment here from that in a personal injury action. *See Motto v. State Farm Mutual Automobile Ins. Co., supra.* Unlike *Herrera v. Springer, supra*, this action presents a case where the claimant has voluntarily assigned his rights in hope of being justly compensated beyond his insurance claim. The ability to assign this personal injury claim is unaffected by the Workmen's Compensation Act.

Since an assignment is a contract in which the claimant transfers all rights to the insurer, such an action would not be done merely to acquire benefits to which the claimant is entitled under the statute—this would be a contract without consideration. As the pre-existing legal duty to compensate would be insufficient consideration, it is probable that the consideration involved would be the excess over the compensation paid plus the litigation costs to the insurer. Such a result clearly reflects the liberal intent of the statute.

The trial court erred in entering summary judgment against plaintiff. The cause is reversed and remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

LOPEZ, J., concurs.

SUTIN, J., specially concurs.

6. For discussion of the liberal intent of our Workmen's Compensation Act, *see Transport Indemnity Co. v. Garcia*, 89 N.M. 342, 552 P.2d 473 (Ct.App.1976).

7. Appellees, relying on *Hockett v. Winks*, 82 N.M. 597, 485 P.2d 353 (1971), and *Musgrove v. H.S.S.D.*, 84 N.M. 89, 499 P.2d 1011 (Ct.App. 1972), argue that this theory of the case is not that presented at trial where Seaboard claimed a statutory assignment, and therefore is not

subject to review here. This is an appeal from the trial court's decision as a matter of law that the pleadings do not state a claim against the defendant. The proper standard for appellate review in this situation is whether "in the light most favorable to the plaintiff, and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *McCasland v. Prather*, 92 N.M. 192, 585 P.2d 336 (Ct.App. 1978). Neither *Hockett* nor *Musgrove* apply.

SUTIN, Judge (specially concurring).

A. *The dismissal of Higgins' claim is not an issue in this appeal.*

Plaintiffs' first point is directed to the issue that the trial court erred in dismissing Higgins' claim for damages against defendant. Reliance is had on Rule 15(c) of the Rules of Civil Procedure. This rule allows an amended pleading of a claim to relate back to the date of the original pleading. Plaintiff claims, therefore, that the Higgins' claim, pleaded as a second cause of action in an amended claim by Seaboard and Higgins, related back to the original pleading and therefore defeated the statute of limitations.

The accident occurred January 31, 1975. The original claim was filed January 19, 1978, some 12 days before the limitation period for negligence cases had run. Seaboard and Higgins were party plaintiffs. The complaint stated a claim for both Seaboard and Higgins, except that no damages for personal injury of Higgins had been alleged.

The amended claim in two counts was filed July 6, 1978. The record does not disclose the reason an amended claim was filed. Instead of filing an amended complaint, plaintiff should have requested permission of the court to insert an allegation in the original complaint showing damages suffered by Higgins for personal injuries. One of defendant's affirmative defenses, with reference to Higgins' cause of action stated that "The Complaint is barred by the Statute of Limitations." A motion to dismiss was filed July 7, and on September 7, 1978, an Order of Dismissal with prejudice was entered. This Order was erroneous under Rule 15(c).

Unfortunately, plaintiff did not appeal from this Order. The dismissal of Higgins' cause of action is not an issue in this appeal.

B. *Summary judgment for defendant was erroneous.*

Summary judgment was granted defendant as a matter of law, not fact.

The court found that Seaboard paid workmen's compensation benefits to Higgins and joined Higgins in a suit to recover those benefits; that Higgins was dismissed as a party plaintiff; that the written assignment Higgins gave Seaboard, in the absence of Higgins as a party plaintiff, was of no force and effect, and Seaboard had no right or cause of action against defendant. Based upon these findings, the court ordered that summary judgment be entered in favor of defendant.

The Order was, in effect, one that sustained a motion to dismiss for failure of the pleading to state a claim upon which relief can be granted, or judgment on the pleadings. Rule 12(b)(6), (c), Rules of Civil Procedure. A motion to dismiss for failure to state a claim is granted infrequently. It should not be done unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. On appeal, our inquiry is essentially limited to the contents of the complaint and exhibits attached thereto to determine whether, in the light most favorable to the plaintiffs, and with every doubt resolved in their behalf, the complaint states a valid claim for relief. *McCasland v. Prather*, 92 N.M. 192, 585 P.2d 336 (Ct.App.1978).

Plaintiffs' first cause of action alleges that Seaboard "insured the employees of Underwriters Adjusting Company, Albuquerque, New Mexico for workmen's compensation insurance providing their employees benefits of the Workmen's Compensation Statutes of the State of New Mexico." Exhibit "A" attached to the complaint is entitled Final Compensation Settlement Receipt, signed by Higgins. It states on January 31, 1975, the date of the accident, Higgins was employed by The Continental Insurance Company and that he was a resident of El Paso, Texas. It was witnessed by Irene Duran of El Paso, Texas.

Exhibit "B" attached to the complaint is a "Subrogation Receipt" executed by Higgins and witnessed by Irene Duran.

Both instruments appear to be forms used in Texas in workmen's compensation cases.

We have no knowledge whether the compensation settlement was effected under the Texas compensation law or that of New Mexico. If it is proven to be a Texas settlement under Texas law, the Texas compensation statute is applicable. *Argonaut Insurance Co. v. Panhandle & Sante Fe R. Co.*, 367 F.2d 564 (1966).

Article 8307, § 6a of the Texas Workmen's Compensation Law reads in pertinent part:

> * * * If compensation be claimed under this law by the injured employee * * * then the association shall be subrogated to the rights of the injured employee, and may enforce in the name of the injured employee * * * the liability of said other person * * *.

In Texas, the right of subrogation will not mature until payment or assumption thereof has occurred. *Reliance Ins. Co. v. Kronzer, Abraham, Etc.*, 582 S.W.2d 170 (Tex.Civ.App.1979).

It was erroneous to enter summary judgment before a determination was made of the state under whose statute compensation benefits were actually paid Higgins.

If the compensation was paid, the settlement executed, and the Subrogation Receipt given, under the New Mexico Compensation Act, Seaboard is entitled to proceed in subrogation. Higgins was not dismissed out as a party plaintiff in the first cause of action. Seaboard and Higgins proceeded together to establish Seaboard's claim. It alleged that "By statute * * * Seaboard * * * has an assignment from Joseph Higgins for all benefits paid to him * * *."

Section 52–1–56(C), N.M.S.A. 1978 provides in pertinent part, that:

> * * * the receipt of compensation from the employer shall operate as an assignment to the employer, his or its insurer * * * of any cause of action, to the extent of payment by the employer to the workman * * * which the workman * * may have against any other party for the injuries * * *.

This statute makes an assignment for an employee who receives compensation. It also allows a workman a cause of action against a third party for injuries and allows an insurer to have such cause of action for compensation benefits paid the workman by way of partial assignment. Courts of equity will protect the assignee under such partial assignments whenever they can do so without working a hardship, such as double liability, upon the third party who is allegedly liable to the workman. The insurer is the "real party in interest" and is entitled to sue on such assignment in its own name, even if the assignment was of only part of the claim.

The above statute is a "reimbursement" statute when the workman sues a third party and recovers. The employer who has paid compensation to the workman has a right to share in the proceeds. It is not a "reimbursement" statute when the insurer has sued on the cause of action and recovered judgment. When this judgment is obtained, the workman's cause of action against a third party is not extinguished due to a pro tanto assignment. *Kandelin v. Lee Moor Contracting Co.*, 37 N.M. 479, 24 P.2d 731 (1933).

Unfortunately, *Kandelin* has been misinterpreted. The above statute is not solely a "reimbursement" statute nor one cause of action as stated in *Herrera v. Springer Corporation*, 85 N.M. 6, 508 P.2d 1303 (Ct.App. 1973), reversed on other grounds, 85 N.M. 201, 510 P.2d 1072 (1973), and followed in *Transport Indemnity Company v. Garcia*, 89 N.M. 342, 552 P.2d 473 (Ct.App.1976).

This mistake originated in *Royal Indem. Co. v. Southern Cal. Petroleum Corp.*, 67 N.M. 137, 144, 353 P.2d 358 (1960) in which the court said:

> We have held this to be a reimbursement statute and *that there is but a single cause of action in the employee*, even though a part of the recovery is to be paid to the employer or his insurer. Kandelin * * * [supra]. [Emphasis added.]

This statement was carried forward in *Varney v. Taylor*, 71 N.M. 444, 379 P.2d 84

(1963) and *Security Insurance Co. of Hartford v. Chapman,* 88 N.M. 292, 540 P.2d 222 (1975).

*Kandelin* said:

> Questions of whether a cause of action in tort is assignable * * * *rules against splitting causes of action,* yield to the provisions of our Workmen's Compensation Act. * * * "An insurance company receiving an assignment * * * was the 'real party in interest' within Comp. Laws 1907, § 2902, so as to entitle it to sue on such assignment in its own name, even if the assignment was of only a part of the claim."

> \*       \*       \*       \*       \*       \*

> It seems to us also that the assignment pro tanto of the employee's cause of action against a third person responsible for his injuries has not been extinguished *merely because the employer has sued on the cause of action and recovered judgment* * * *. [Emphasis added.] [37 N.M. 488–89, 24 P.2d 731.]

We should return to *Kandelin.* The pro tanto assignment by the workman to the insurer granted the insurer the right to institute proceedings for the recovery of such damages or to compromise with the third party tort-feasor. If not, the legislature should "spell out" with particularity the substantive rights of all parties, this being a legislative rather than a judicial function. Just prior to *Kandelin, Aetna L. Ins. Co. v. Moses,* 287 U.S. 530, 53 S.Ct. 231, 77 L.Ed. 477 (1933), 88 A.L.R. 647, 651 (1934) said:

> In the case where the employee survives and accepts compensation as the only person entitled, it is clear that the statutory assignment vests in the employer the full right to recover damages from the third person. Double recovery by the employee * * * is thus avoided. Yet the employer is permitted to share in the recovery only to the extent of his own liability * * * and any excess goes to the injured employee.

The insurer succeeded to that right by subrogation. As long as the third party tort-feasor is not burdened with double recovery, the assignment provision should be liberally construed to make it effective. "Subrogation * * * is an equitable remedy. * * * In its normal sense . . . it gives the payor a right to collect what is has paid from the party who caused the damage." *White v. Sutherland,* 92 N.M. 187, 190, 585 P.2d 331 (Ct.App.1978). "Subrogation is a remedy which courts of equity employ to prevent unjust enrichment. It is said to be based on principles of 'natural justice' and is not applied if it would work injustice. [citation omitted] Neither is it employed to relieve a party of the consequences of wrongdoing in which it participated." *Associated Indem. Co. v. Hartford Acc. & Indem. Co.,* 524 S.W.2d 373, 376 (Tex.Civ.App. 1975). The Workmen's Compensation Act was not passed for the benefit of a third party tort-feasor. Except by judicial construction, the Act does not deny a workman or an insurer an independent claim, nor cause either to lose this right. In equity and good conscience, the insurer, by way of subrogation, should be assigned rights and remedies that the workman had. *State Farm Mut. Auto. Ins. Co. v. Foundation R. Ins. Co.,* 78 N.M. 359, 431 P.2d 737 (1967).

In addition, there is another factor that strongly supports Seaboard's position. Higgins executed a "Subrogation Receipt" in which he subrogated the insurer and authorized the insurer to sue any person liable for the loss in Higgins' name or otherwise. In common parlance, "or otherwise" means "in any other way." *State v. Miller-Wohl Co.,* 3 Terry 73, 28 A.2d 148 (Super.Ct.1942). Although this is, in effect, what the statute allows, it establishes that the presence of Higgins as a party to the suit is not essential. Such a grant of subrogation is not prohibited by the Workmen's Compensation Act.

Defendant is subject only to the claim of Seaboard. To deny this claim would arouse "The Sense of Injustice."