John BOYLE, Appellant,

v.

Ross TRUMP et al., Respondents.

No. 40880.

Missouri Court of Appeals, Eastern District, Division Three.

June 26, 1979.

Francis L. Ruppert, Thomas C. Conroy, Clayton, for appellant.

Charles A. Werner, St. Louis, for respondents.

CLEMENS, Senior Judge.

Plaintiff's claim for disability benefits was denied by the defendant Police and Firemen's Retirement Fund Board of University City. On plaintiff's petition for review the circuit court, for want of an adequate record, remanded the case to defendant Board for reconsideration upon an appropriate record.

We hold the circuit court's order on review was not an appealable order and dismiss plaintiff's appeal.

Record of the Board's meeting states narratively: Plaintiff appeared with his counsel who stated plaintiff had developed a fear of fighting fires. A psychiatrist's report was presented to that effect. The Board questioned plaintiff about his performance while in service and by a vote of 5 to 0 denied plaintiff's claim.

■ Plaintiff filed a petition in the circuit court for review of the Board's denial of his claim. Both parties moved for summary judgment, but the court denied both motions, ruling: " . . . although discussion was had at the 'hearing' on May 26, 1976, neither the Petitioner nor the Respondent produced probative evidence (or competent and substantial evidence) on which to base a proper decision and that no detailed record was made . . . This cause is remanded back to the Board . .

for reconsideration and complete hearing of Petitioner's claim upon appropriate record being made of same."

This ruling was in accord with Sect. 536.-130, RSMo., requiring "a complete transcript of the entire record" of testimony before the Board. Further, the record failed to comply with Sect. 536.090, RSMo., requiring the Board to make findings of fact and conclusions of law. The trial court properly remanded the case for compliance with the statutory requirements.

■ That ruling was not an appealable order. As held in *Iron County v. State Tax Commission*, 480 S.W.2d 65[3], 71 (Mo.1972), it is the duty of an administrative agency "to resolve disputed questions of fact and set these resolutions forth as the agency's findings in order that, upon review, the Circuit Court can perform its function of review as required by Chapter 536, VAMS. The appeal filed here is premature as the order of the Circuit Court does not constitute a final disposition of the case and is not a final appealable order." So it is here.

Appeal dismissed.

REINHARD, P. J., and GUNN and CRIST, JJ., concur.