748 P.2d 516

**Michael ALLEN, individually and as parent and natural guardian of Lisa Allen, a minor, Plaintiff–Appellee,**

v.

**BOARD OF EDUCATION OF the CITY OF ALBUQUERQUE, a/k/a Albuquerque Municipal School District, a local school board; and Lillian C. Barna, Ruth Jackson, Buddy Robertson, Micky Miller, William Reid, Howard Anderson, Lanny Winters, and Raymond Durwood Stell, Defendants–Appellants.**

**No. 10123.**

Court of Appeals of New Mexico.

Dec. 22, 1987.

Glenna Moore, James P. Lyle, Butt, Thornton & Baehr, P.C., Albuquerque, for defendants-appellants.

David A. Freedman, Albuquerque, for plaintiff-appellee.

## OPINION

FRUMAN, Judge.

Defendants appeal the trial court's denial of their motion for dismissal and summary judgment as to two counts of plaintiff's four-count complaint. This court's calendar notice proposed summary dismissal of the appeal for lack of a final order, and defendants responded with a memorandum in opposition to our proposal. On the basis of the following, we do not adopt defendants' argument that this court should apply the collateral order exception to entertain their appeal, and we dismiss the appeal.

Plaintiff brought suit against defendants board of education and employees of the school district, for injuries suffered as a consequence of an accident, asserting four causes of action under the Tort Claims Act, NMSA 1978, Sections 41–4–1 to –29 (Repl. Pamp.1986). Defendants filed a motion for dismissal and summary judgment, asserting immunity under the Act. The trial court granted defendants' motion as to two counts and denied it as to the remaining counts in which plaintiff alleged negligent failure to provide transportation and negligent failure to comply with rules and regulations regarding the transportation of students. The trial court certified its order for interlocutory appeal under NMSA 1978, Section 39–3–4, stating that defendants' motion involves a controlling question of law as to the scope and application of the Tort Claims Act. This court denied the applications for interlocutory appeal made by plaintiff and defendants. Defendants now seek direct appeal as a matter of right from the trial court's order that, in part, denied their motion for dismissal and summary judgment as to two counts of plaintiff's complaint.

■ The jurisdiction of this court is limited to appeals from final judgments, interlocutory orders which practically dispose of the merits of the action, and final orders after entry of judgment which affect substantial rights. NMSA 1978, § 39–3–2;

*Thornton v. Gamble,* 101 N.M. 764, 688 P.2d 1268 (Ct.App.1984). Where more than one claim for relief is presented in an action, the trial court may enter a final judgment as to fewer than all of the claims "only upon an express determination that there is no just reason for delay." SCRA 1986, 1–054(C)(1). The policy reflected in Rule 1–054(C)(1) is to avoid piecemeal review, especially absent express approval of the trial court. *See Thornton v. Gamble.*

■ Although defendants concede that the trial court's order is not a final, appealable order either under Rule 1–054(C)(1) or under the traditional requirements for finality, they urge this court to entertain this appeal under the collateral order exception applied in *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Without deciding whether *Cohen* is applicable in this state, we note that *Cohen* limited the application of the collateral order exception to: "that small class which finally determine *claims of right separable from, and collateral to, rights asserted in the action,* too important to be denied review *and too independent of the cause itself* to require that appellate consideration be deferred until the whole case is adjudicated." *Id.* at 546, 69 S.Ct. at 1225 (emphasis added). The Court in *Cohen* held that the order, which required posting a security bond, was appealable because it was "a final disposition of a claimed right which is not an ingredient of the cause of action and does not require consideration with it." *Id.* at 546–47, 69 S.Ct. at 1226.

In the present case, the order from which defendants appeal is the partial denial of their motion for dismissal and summary judgment. That partial denial places two counts directly before the trial court for determination. We find that the order here does not finally determine a claim which is "separable from," "collateral to" or "independent of" the cause itself, but rather requires a determination of the very ingredients of the causes of action themselves. *Id.* at 546, 69 S.Ct. at 1225–26. For that reason, we hold that the circumstances in this case fail to meet the *Cohen* require-

ments for appellate review under the collateral order exception to the final judgment rule. Therefore, defendants' reliance on *Cohen* is misplaced.

Defendants further contend that in *Central–Southwest Dairy Coop. v. American Bank of Commerce*, 78 N.M. 464, 432 P.2d 820 (1967), the supreme court adopted the reasoning of the collateral order exception found in *Cohen* and in *Gillespie v. United States Steel Corp.*, 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964). We disagree. Rather, the discussion in *Central–Southwest Dairy Coop.* relied on by defendants relates to the United States Supreme Court's interpretation of finality in the final order requirement for appellate review and states that "the requirement of finality is to be given a 'practical rather than a technical construction.' " 78 N.M. at 467, 432 P.2d at 823 (quoting *Gillespie*, 379 U.S. at 152, 85 S.Ct. at 311; *Cohen*, 337 U.S. at 546, 69 S.Ct. at 1225). In determining whether an order is final, this court has also held that finality is to be given a practical, rather than a technical construction. *In re Estate of Foster*, 102 N.M. 707, 699 P.2d 638 (Ct.App.1985); *Clancy v. Gooding*, 98 N.M. 252, 647 P.2d 885 (Ct. App.1982). However, in the case before us, defendants concede that their appeal does not meet the requirements for a final order and rely instead on the collateral order exception. Thus, as the principle of appellate review based on a final order is conceded to be inapplicable in the present case, we will not consider a construction of finality here.

■ Defendants also argue that the trial court's denial of their claim of absolute immunity from suit under Section 41–4–4(A) of the Tort Claims Act constitutes an immediately appealable order under the collateral order exception as established in *Chavez v. Singer*, 698 F.2d 420 (10th Cir. 1983) (holding that absolute immunity from suit meets the standards which the United States Supreme Court has set for the appealability of a collateral order). Section 41–4–4(A) provides a defense to liability, but not absolute immunity from suit, by stating: "A governmental entity and any public employee while acting within the scope of duty are *granted immunity from liability* for any tort except as waived by Sections 41–4–5 through 41–4–12 NMSA 1978." (Emphasis added.) A distinction has been drawn between "*immunity from suit* rather than a mere defense to liability" because, "like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985). In *Mitchell*, the Court held that the denial of a claim of absolute immunity from suit, rather than a mere defense to liability, meets the requirements for appealability under the *Cohen* collateral order exception to the finality rule. *See Mitchell v. Forsyth. See also Chavez v. Singer.* Since Section 41–4–4(A) provides for immunity from liability, and not absolute immunity from suit, we do not find that a denial of a claim of immunity under that section meets the requirements for immediate appellate review under the collateral order exception based on absolute immunity from suit. *But cf. Mitchell v. Forsyth; Chavez v. Singer.* We decline to determine the applicability in this state of a collateral order exception premised on absolute immunity, where defendants have failed to establish a basis for their claim of absolute immunity.

Based on the foregoing, we dismiss this appeal.

IT IS SO ORDERED.

GARCIA and APODACA, JJ., concur.