874 P.2d 796

**Martin MARTINEZ, Jr., Petitioner–Appellant,**

v.

**NEW MEXICO TAXATION AND REVENUE DEPARTMENT, MOTOR VEHICLE DIVISION, Respondent–Appellee.**

No. 15326.

Court of Appeals of New Mexico.

April 7, 1994.

Lorenzo E. Atencio, Familia Legal Services, Espanola, for petitioner-appellant.

Lewis J. Terr, Special Asst. Atty. Gen., Motor Vehicle Div., DWI Legal Section, Santa Fe, for respondent-appellee.

## OPINION

DONNELLY, Judge.

Is an order of the district court remanding a cause to an administrative agency for a new hearing and preparation of a proper administrative record a final, appealable order that is subject to review by this Court? We hold that it is not. Petitioner was notified by the Taxation and Revenue Department, Motor Vehicle Division (Division), that "[b]ased on the evidence presented [at an administrative] hearing ... and/or the documentation on file with the Division," his license to operate a motor vehicle was revoked for a period of five years. Petitioner filed a timely petition for review of the administrative order of the Division in the Santa Fe District Court.

The district court found that "the record of the [administrative] proceeding [was] inadequate for review given the posture of the case," and ordered that the case be "remand-ed to the Motor Vehicle Division for the [purpose of conducting] a hearing at which a record sufficient for review shall be made." Petitioner then appealed the district court's order to this Court. Our calendar notice proposed to dismiss Petitioner's appeal because he sought review from a non-final, non-appealable order. Petitioner has filed a timely response to our proposed dismissal. Unpersuaded by his arguments, we dismiss the appeal.

Petitioner does not present any argument that the district court's order remanding the case is a final, appealable order. Instead, he contends that the district court had no authority to remand the case for further proceedings before the administrative agency. We do not decide whether the district court had authority to order the remand in the context of the facts of this case because we hold that we have no jurisdiction over the appeal. However, we note that in *Littlefield v. State ex rel. Taxation & Revenue Department, Motor Vehicle Division,* 114 N.M. 390, 394, 839 P.2d 134, 138 (Ct.App.), *cert. denied,* 114 N.M. 123, 835 P.2d 839 (1992), this Court held that, although an administrative record that appeared similar to the one in this case was adequate, a court could remand an administrative matter back to the agency when the record is shown to be inadequate for appellate review.

Petitioner also argues that because he was not accorded a proper administrative hearing as required by NMSA 1978, Section 66–5–30(B) (Cum.Supp.1993), and because of the failure of the Division to follow its own procedures, he was deprived of a proper record and due process, and therefore his case should have been dismissed. Additionally, he contends that the district court's order directing a remand and new administrative hearing effectively deprived him of a right to a timely hearing. Thus, he argues, the district court erred in refusing to void the order revoking his license to operate a motor vehicle.

We believe Petitioner's arguments concerning the merits of his appeal are premature for the reasons given above. In the event Petitioner seeks further appellate review following a district court review based

**590**

on the record of the new administrative hearing, this Court can then decide those issues which Petitioner has properly argued and preserved below.

An order of remand for the purpose of making a record sufficient for review is not a final, appealable order since the order contemplates further action below. *See Boyle v. Trump,* 584 S.W.2d 119, 120 (Mo.Ct.App. 1979) (order remanding case to administrative agency for reconsideration upon appropriate record is premature, does not constitute a final disposition of the case, and is not a final, appealable order); *see also Bender v. Clark,* 744 F.2d 1424, 1426–27 (10th Cir.1984) (remand by district court to an administrative agency for further proceedings is ordinarily not appealable because it is not a final decision). *See generally Occidental Petroleum Corp. v. Securities & Exch. Comm'n,* 873 F.2d 325, 328–332 (D.C.Cir.1989); 15B Charles Alan Wright et al., *Federal Practice and Procedure: Jurisdiction* § 3914.32 (1992). Absent the existence of a final order which effectively disposes of the case on the merits, this Court is without authority to consider the issues raised by Petitioner. *See Allen v. Board of Educ.,* 106 N.M. 673, 674, 748 P.2d 516, 517 (Ct.App.1987) (jurisdiction of Court of Appeals is limited to appeals from final judgments, interlocutory orders that practically dispose of merits of action, or final orders after entry of judgment that affect substantial rights).

Petitioner also urges this Court to consider his request for a stay. Since we hold that we have no jurisdiction in this appeal, Petitioner's application to this Court for a stay is premature.

For the reasons stated herein, we dismiss the appeal.

**IT IS SO ORDERED.**

BIVINS and PICKARD, JJ., concur.