895 P.2d 261

**Sergeant James BUSTAMANTE,
Petitioner–Appellee,**

v.

**Richard C. DE BACA, Cabinet Secretary
New Mexico Department of Public
Safety, Respondent–Appellant.**

**No. 15369.**

Court of Appeals of New Mexico.

April 4, 1995.

Alan F. Zvolanek, Albuquerque, for petitioner-appellee.

Tom Udall, Atty. Gen., John W. Wheeler, Sp. Asst. Atty. Gen., Santa Fe, for respondent-appellant.

## OPINION

APODACA, Chief Judge.

The New Mexico Department of Public Safety (the Department) appeals from an order of the district court finding NMSA 1978, Section 66–8–134(A) (Repl.Pamp.1994), unconstitutionally vague and ambiguous. In addition to the constitutional issue raised by the Department, this Court, in an Order to Show Cause directed to the Department, raised the issue of whether the district court's order was a final, appealable order over which this Court had jurisdiction. We hold that this Court has jurisdiction to hear this appeal and reverse the district court's determination that Section 66–8–134(A) is unconstitutional.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 16, 1992, New Mexico State Police Chief John Denko, Jr., initiated proceedings to terminate Sergeant James Bustamante's employment with the State Police Division of the Department for violations of New Mexico State Police Rules and Regulations, New Mexico Department of Public Safety Policies and Procedures, and the New Mexico Department of Public Safety Code of Conduct. Bustamante appealed his termination to the Advisory Commission of the New Mexico Department of Public Safety (the Commission) pursuant to NMSA 1978, Section 29–2–11 (Repl.Pamp.1994).

Following a hearing on May 11, 12, and 13, 1992, the Commission determined substantial evidence existed to support the conclusion that Bustamante had violated Rule 110.1, New Mexico State Police Rules and Regulations, which requires employees to obey all laws, "by soliciting the reduction or alteration of a DWI citation previously issued to [Patricia] Hessian by a patrol officer under [Bustamante's] command, in violation of NMSA 1978[,] Section 66–8–134[ (A) ]." The Commission also determined that Bustamante had violated various other rules and regulations, requiring good moral conduct and proscribing conduct unbecoming a Department of Safety employee, "by using his position of authority to suggest or imply to Ms. Hessian that he could reduce or alter the DWI citation issued to her." The Commission concluded that Bustamante's "repeated contacts and personal involvement with Ms. Hessian during the time that proceedings against her were pending, exemplifies the unprofessional manner in which Sergeant Bustamante conducted himself.... This conduct clearly brought disrepute upon the Department and impeded [its] efficient operation." Because the Commission determined that termination would be inappropriate, it suspended Bustamante without pay for ninety days. Bustamante appealed his suspension to district court.

Holding that Section 66–8–134(A) was unconstitutionally vague and ambiguous, the district court remanded the case to the Commission for a redetermination of whether the ninety-day suspension was appropriate discipline in light of the district court's holding regarding the unconstitutionality of Section 66–8–134(A). The Department appealed to this Court for a decision on the constitutionality of Section 66–8–134(A).

## II. DISCUSSION

### A. Jurisdiction

Initially, we must determine whether this Court has jurisdiction to review this case. Generally, appeals may be taken only from final judgments and decisions. *See* NMSA 1978, § 39–3–2 (Repl.Pamp.1991); *Kelly Inn No. 102, Inc. v. Kapnison,* 113 N.M. 231, 234–40, 824 P.2d 1033, 1036–42 (1992). Usually, an order from the district court remanding to an administrative agency for further action is not a final, appealable order. *Martinez v. New Mexico Taxation & Revenue Dep't, Motor Vehicle Div.,* 117 N.M. 588, 589–90, 874 P.2d 796, 797–98 (Ct.App. 1994). An exception applies, however, if the appellant would effectively be precluded from a meaningful appeal by this Court's refusal to consider the appeal. *See High Ridge Hinkle Joint Venture v. City of Albuquerque,* 119 N.M. 29, 34, 888 P.2d 475, 480 (Ct.App.), *cert. denied,* 118 N.M. 20, 888 P.2d 466 (1994). This exception often applies in administrative agency appeals where, "[i]f the agency could not appeal the order, it would need to follow the court's directions on remand (or risk contempt of court) and the agency's ultimate decision could not be appealed by the agency itself." *Id.*

Here, the Department argues, and we agree, that if this case was remanded to the Commission for a new disciplinary determination limited to violations of rules and regulations other than violation of Section 66–8–134(A) and Bustamante did not appeal the Commission's new disciplinary ruling, then the Department would be without an avenue to appeal the district court's holding that Section 66–8–134(A) is unconstitutional. By statute, "[i]n the event the commission finds that the person charged shall be removed, demoted or suspended for a period in excess of thirty days, *the person* may appeal from the decision of the commission to the district

court." Section 29-2-11 (emphasis added). This statutory language clearly states that only the aggrieved employee, "the person" in statutory terms, may appeal a decision of the Commission. Thus, the Department is procedurally barred from appealing. Additionally, following remand to the Commission, any future appeal by Bustamante to the district court from the Commission's new disciplinary determination would involve only the merits of that determination and not the district court's current remand order ruling on the constitutionality of Section 66-8-134(A), as that ruling will have become moot. Consequently, the district court's order holding Section 66-8-134(A) unconstitutionally vague and ambiguous is effectively unreviewable if this Court does not address the constitutional question at this time.

We thus conclude that this case falls within an exception to the final order requirement for appellate jurisdiction. *See High Ridge Hinkle Joint Venture,* 119 N.M. at 34, 888 P.2d at 480; *cf. Sandia Sav. & Loan Ass'n v. Kleinheim,* 74 N.M. 95, 99-100, 391 P.2d 324, 327-28 (1964). We thus hold that this Court has appellate jurisdiction over the district court's remand order and therefore address the merits of the appeal.

B. Constitutionality of Section 66-8-134(A)

■■■■ The sole issue raised on appeal is whether Section 66-8-134(A) is unconstitutionally vague and ambiguous. "Constitutional vagueness is based on notice and applies when a potential actor is exposed to criminal sanctions without a fair warning as to the nature of the proscribed proceedings." *State v. Segotta,* 100 N.M. 498, 499-500, 672 P.2d 1129, 1130-31 (1983). "To satisfy the constitutional requirements of due process, the statute must provide adequate warning to a person of ordinary intelligence that his conduct is prohibited." *State v. James M.,* 111 N.M. 473, 477, 806 P.2d 1063, 1067 (Ct. App.1990), *cert. denied,* 111 N.M. 529, 807 P.2d 227 (1991). Thus, a statute is unconstitutionally vague only if it contains language so imprecise that it fails to give persons of ordinary intelligence fair notice of the conduct prohibited by the statute.

■■■■ In construing a statute, this Court considers the statute in its entirety, giving the words their ordinary and usual meaning, and determines whether a reasonable and practical construction can be given to the language of the statute. *Segotta,* 100 N.M. at 500, 672 P.2d at 1131; *James M.,* 111 N.M. at 477, 806 P.2d at 1067. When a statute's language is unclear, we strive to give it a sensible construction and, if possible, uphold the statute. *Segotta,* 100 N.M. at 500, 672 P.2d at 1131. A legislative enactment carries a strong presumption of constitutionality, and, therefore, when a statute is challenged on the basis that it is void for vagueness, this Court will presume that the statute is constitutional. *Id.; James M.,* 111 N.M. at 477, 806 P.2d at 1067.

Section 66-8-134(A) provides that "[a]ny person who cancels or solicits the cancellation of any uniform traffic citation other than as provided in the Motor Vehicle Code [Articles 1 to 8 of Chapter 66, except 66-7-102.1 NMSA 1978] is guilty of a misdemeanor." We fail to see how this section is unconstitutionally vague. It precisely defines, in unequivocal terms, the type of behavior prohibited: no one may cancel or solicit the cancellation of any uniform traffic citation other than as provided in the Motor Vehicle Code. None of the statute's terms defy common understanding. Rather, the words of the statute are clear and understandable. "Cancel" means "to remove from significance or effectiveness: as (a) to destroy the force, effectiveness, or validity of." *Webster's Third New International Dictionary* 325 (1966); *see Black's Law Dictionary* 206 (6th ed. 1990). "Solicit" is defined as "to make petition to: to approach with a request or plea." *Webster's Third New International Dictionary,* at 2169; *see Black's Law Dictionary* 1392. The generally accepted meaning of these words gives fair warning of prohibited conduct. A person of ordinary understanding would know that he or she could not cancel or seek to have another cancel a traffic ticket in any means other than that set out in the Motor Vehicle Code. *See State v. Casteneda,* 97 N.M. 670, 678-79, 642 P.2d 1129, 1137-38 (Ct.App.1982) (upholding constitutionality of criminal solicitation statute

against vagueness and overbreadth challenge). We therefore hold that Section 66–8–134(A) is not unconstitutionally vague or ambiguous.

At the hearing, the district court also orally held that Section 66–8–134(A) was unconstitutionally overbroad. For example, the district court pointed out that the statute could be applied differently depending on who sought to cancel a traffic citation, and the statute contained no exception for plea bargaining. Thus, it could be argued that plea bargaining of traffic citations would be illegal under this statute. The general rule regarding overbreadth is that a person to whom a statute may be constitutionally applied cannot challenge the statute on the ground that the statute may conceivably be applied unconstitutionally to others not before the court, except when first amendment rights are implicated. *James M.*, 111 N.M. at 478, 806 P.2d at 1068. The statute could constitutionally be applied here, as evidence presented showed that Bustamante approached the citing officer about reducing Hessian's DWI citation in an attempt to induce Hessian to become personally involved with him. There was thus no basis for the district court to hold that the statute was unconstitutionally overbroad.

## III. CONCLUSION

We conclude that the district court erred in holding Section 66–8–134(A) unconstitutional. We reverse and remand to the district court for a redetermination of Bustamante's original appeal in conformity with this opinion. No costs are awarded on appeal.

**IT IS SO ORDERED.**

PICKARD and BOSSON, JJ., concur.