905 P.2d 741

**Mark D. and Kathryn H. COX, et al., Petitioners–Appellees,**

v.

**MUNICIPAL BOUNDARY COMMISSION and The City of Sunland Park, Respondents–Appellants.**

**No. 16053.**

Court of Appeals of New Mexico.

Sept. 13, 1995.

Certiorari Denied Nov. 1, 1995.

Paul Mannick, Frank Coppler, Coppler & Aragon, Santa Fe, for Respondents–Appellants.

Monica Ontiveros, Municipal Boundary Commission, Santa Fe, for Respondents–Appellants.

Sarah Singleton, Montgomery & Andrews, Santa Fe, for Petitioners–Appellees.

Lora Lucero, Anita P. Miller, P.C., Albuquerque, for Amicus Curiae Village of Pecos.

Judith A. Olean, Santa Fe, for Amicus Curiae New Mexico Municipal League.

## OPINION

BLACK, Judge.

Petitioners' Motion for Rehearing is denied. The opinion filed August 25, 1995 is withdrawn and the following is substituted therefor.

The City of Sunland Park (City) is a New Mexico municipal corporation. Pursuant to

the annexation procedure provided in NMSA 1978, Sections 3–7–11 to –16 (Repl. Pamp.1987), the City filed an annexation petition seeking approval by the Municipal Boundary Commission (Commission) to annex physically contiguous territory along its main street. The Commission held hearings and determined that, with the exception of one residential area, the annexation met the requirements of Section 3–7–15.

On certiorari review, the district court held that mere physical contiguity was insufficient and ordered the Commission to scrutinize the City's motives and determine "whether the municipality is annexing the territory to increase its tax base and not because there is a community of interest or a homogeneous community between the municipality and the territory to be annexed." We hold that the Commission correctly interpreted the contiguity requirements of Section 3–7–15 and that the district court used the wrong criteria. We therefore reverse and remand to the district court.

## I. *STANDARD OF REVIEW*

 The New Mexico Legislature "has delegated its authority of annexation under three separate methods, each of which is attuned to distinct goals and exemplifies different degrees of legislative delegation." *Dugger v. City of Santa Fe*, 114 N.M. 47, 51, 834 P.2d 424, 428 (Ct.App.), *writ quashed*, 113 N.M. 744, 832 P.2d 1223 (1992). Under two of those methods, the arbitration procedure, NMSA 1978, Section 3–7–6 (Repl. Pamp.1987), and the Commission procedure, Section 3–7–11, the Legislature established administrative bodies to make annexation decisions. *See Dugger*, 114 N.M. at 54, 834 P.2d at 431. The application of administrative standards of review to annexations made pursuant to either of these procedures is therefore proper. *Id.* Like the district court, we review the Commission's actions to determine whether they were reasonable. *Mutz v. Municipal Boundary Comm'n*, 101 N.M. 694, 702, 688 P.2d 12, 20 (1984). This standard requires the courts to determine whether the administrative body acted fraudulently, arbitrarily, or capriciously, whether substantial evidence exists to support the

decision, and whether the administrative body acted within its authority. *Id.* However, "[b]ecause the interpretation of 'contiguous' as it appears in Section 3–7–15 is a question of law, we need not defer to the [statutory interpretation of] the district court." *Mutz*, 101 N.M. at 697–98, 688 P.2d at 15–16.

## II. *FACTS*

The City is bordered on the north and east by the State of Texas, and on the south by the Republic of Mexico. The City has about 8,000 inhabitants grouped generally around New Mexico State Road 273, known locally as "McNutt Road." The proposed annexation is basically to the west of the existing City along McNutt Road. The territory proposed for annexation is 3.3 miles long and the portion immediately adjoining the City is vacant land. The majority of the remainder of the proposed annexation is commercial property. If annexed, the new area would constitute about 21% of the City's total area.

In June 1986, the mayor of the City wrote to property owners in the area proposed for annexation, urging their agreement to a proposed annexation. *See City of Sunland Park v. Santa Teresa Concerned Citizens Ass'n*, 110 N.M. 95, 95, 792 P.2d 1138, 1138 (1990). In response, these neighbors, including many of the Petitioners in the present action, petitioned the Dona Ana County Commission to incorporate a new municipality. *See id.* Following substantial litigation, the New Mexico Supreme Court held that the neighbors had failed to carry their burden of proving that they could provide services to the area sooner than the City, and affirmed the district court decision denying incorporation. *Id.* at 98, 792 P.2d at 1141.

In December 1991, the City filed an annexation petition with the Commission. At the Commission hearing, the City introduced evidence that: (1) the territory proposed for annexation is physically touching the City limits, and (2) the City is both fiscally and structurally able to provide municipal services to the new area. With the exception of certain specified lots, the Commission found that the City had met the only two criteria

imposed by Section 3–7–15 and that Commission approval was required.

The district court reviewed the case on certiorari. Petitioners argued that the City was annexing the territory to increase its tax base. The district court found that the Commission had misinterpreted the "contiguity" requirement of Section 3–7–15 in requiring only that the proposed annexation touch the annexing municipality. The district court read *Mutz v. Municipal Boundary Commission*, 101 N.M. 694, 688 P.2d 12 (1984), to require more:

> The *Mutz* Court implicitly recognized that "contiguity" could include requirements of "community of interest" and "homogeneous unity". Those concepts could be particular[l]y relevant when a municipalities [sic], annexes territory to increase their [sic] tax base. That is precisely the claim made in this case by Plaintiffs and evidence on those issues should have been received and considered [by] the Municipal Boundary Commission.

The district court remanded the decision to the Commission to consider "whether the municipality is annexing the territory to increase its tax base and not because there is a community of interest or a homogeneous community between the municipality and the territory to be annexed."

The City filed an appeal to this Court. On the authority of *Martinez v. New Mexico Taxation & Revenue Department*, 117 N.M. 588, 590, 874 P.2d 796, 798 (Ct.App.1994), we issued an unpublished memorandum opinion, holding that an order of the district court remanding a cause to the administrative agency for a new hearing and the creation of a proper administrative record was not an appealable order. The district court then issued an amended judgment containing a certification for interlocutory appeal pursuant to NMSA 1978, Section 39–3–3(A)(3) (Repl.Pamp.1991). This Court granted interlocutory appeal.

## III. *SECTION 3–7–15 CLEARLY ESTABLISHES WHAT THE COMMISSION MUST FIND TO PERMIT ANNEXATION*

Sections 3–7–15(A) and (B) set forth the basic standards for, and duties of, the Commission when considering an annexation petition:

> A. At the public hearing held for the purpose of determining if the territory proposed to be annexed to the municipality shall be annexed to the municipality, the municipal boundary commission shall determine if the territory proposed to be annexed:
>
>> (1) is contiguous to the municipality; and
>>
>> (2) may be provided with municipal services by the municipality to which the territory is proposed to be annexed.
>
> B. If the municipal boundary commission determines that the conditions set forth in this section are met, the commission shall order annexed to the municipality the territory petitioned to be annexed to the municipality.

*Id.*

▮▮▮ "No other standards are imposed upon the exercise of the [C]ommission's discretion; nor does the statute attempt to define 'contiguous.'" John R. Cooney, Note, *Annexation of Unincorporated Territory in New Mexico*, 6 Nat. Resources J. 83, 94 (1966). The only issue raised in the present appeal is the meaning of the term "contiguous" as used in Section 3–7–15. Absent clear and express legislative intention to the contrary, statutory words are generally to be given their ordinary meaning. *Whitely v. New Mexico State Personnel Bd.*, 115 N.M. 308, 311, 850 P.2d 1011, 1014 (1993).

The ordinary dictionary definition of "contiguous" means physical contact or close proximity.[1] This is also the accepted defini-

---

1. "Contiguous" may be defined as follows:
 "1. Touching, in actual contact, next in space; meeting at a common boundary, bordering, adjoining."
 *The Oxford English Dictionary* 822 (2d ed. 1989).

 "1. Sharing an edge or boundary; touching. 2. Nearby; neighboring; adjacent. 3. Adjacent in time; immediately preceding or following."
 *The American Heritage Dictionary of the English Language* 288 (1973).

tion of legal lexicographers.[2]

A definition of "contiguous" requiring a physical touching seems to have long been the definition accepted by New Mexico lawyers as well. In 1932, the New Mexico Attorney General considered the requirements for owners of leased property to petition to be included in a herd law district. N.M. Att'y Gen. Op. 502 (1932). One such prerequisite was that the land be "contiguous," which the Attorney General defined in the following terms:

> We have made an examination of definitions in the various dictionaries and have also examined certain legal interpretations which we have found in Words and Phrases, and it is commonly held in these authorities that the word "contiguous" means to touch and if there is any separation of the lands by intervening parts or parcels of land then the property would not be contiguous, under the meaning of the law.

*Id.* A minimal physical touching or close proximity also seems to be implicit in the Attorney General's subsequent references to the term "contiguous" in other contexts. *See, e.g.,* N.M. Att'y Gen. Op. 89–03 (1989); N.M. Att'y Gen. Op. 88–08 (1988); N.M. Att'y Gen. Op. 87–55 (1987); N.M. Att'y Gen. Op. 5864 (1953); N.M. Att'y Gen. Op. 5614 (1952).

The Attorney General's definition would also appear to be consistent with the common use of the term by the New Mexico Legislature. Indeed, when the Legislature has intended to stretch the term "contiguous" beyond such ordinary meaning, it has defined that term in the statute. *See* NMSA 1978, § 31–5–4, art. VII (Repl.Pamp.1984) ("Alaska and Hawaii shall be deemed contiguous to each other.").

The New Mexico judiciary has also accepted the term "contiguous" in the annexation context as requiring a touching or close physical proximity. In *Mutz v. Municipal Boundary Commission,* 101 N.M. 694, 688 P.2d 12 (1984), the Commission ordered certain territory annexed. *Id.* at 696, 688 P.2d at 14. Landowners within the territory to be annexed petitioned the district court for a writ of certiorari, which was issued but subsequently quashed. *Id.* The petitioners argued that the property could not be legally annexed because it was not contiguous. *Id.* at 697, 688 P.2d at 15. The *Mutz* Court considered the argument, also pressed by Petitioners in the present case, that "contiguity" implicitly requires a community of interest or homogeneity, as well as spacial proximity. *See id.* at 698–700, 688 P.2d at 16–18. Writing for the Court, Justice Walters pointed out the difficulties inherent in such an approach:

> We turn to Petitioners' second argument, that "contiguous," in the context of annexation, also means that there be a "community of interest" between the municipal body and the annexed land, and there be created a "homogeneous and unified entity." If the finding on contiguity does not include these considerations, Petitioners argue, one of the elements for annexation fails to exist and the annexation becomes unreasonable.

> Although we do not necessarily agree with Petitioners that the meaning of "contiguity" should be broadened in all annexation cases to embrace the concepts contended for by them, we think the weakness in their argument, if it be valid at all, is that they presume to look at the existence of "community of interest" and "unified entity" and "homogeneity" only from their point of view. It is as though they were asserting (and therefore proving) incompatibility as a ground for dissolution of a marriage, and arguing that because they

---

"1. In actual contact; touching; also, near, though not in contact; neighboring; adjoining; near in succession. 2. Involving contiguity; as, *contiguous* association."
*Webster's New International Dictionary of the English Language* 576 (2d ed. 1955).

**2.** *Black's Law Dictionary* 320 (6th ed. 1990) defines "contiguous" as:

In close proximity; neighboring; adjoining; near in succession; in actual close contact; touching at a point or along a boundary; bounded or traversed by.
*Ballentine's Law Dictionary* 259 (3d ed. 1969) says:
Literally, in actual contact, an actual touching. One parcel of land is "contiguous" to another parcel of land when the two parcels are not separated by outside land.

are not in agreement with annexation, the lack of community interest, homogeneity and unification of the entity is indisputably proved.

*Id.* at 698, 688 P.2d at 16.

The *Mutz* Court recognized that other jurisdictions had used phrases like "homogeneity" and "community of interest," but pointed out that, on the record in *Mutz,* there was "no suggestion that separation or segregation will be the result of annexation." *Id.* at 699, 688 P.2d at 17. Justice Walters therefore concluded that "[t]he kind of 'homogeneity' expressed in some courts' definitions of 'contiguity' is not absent in this case." *Id.*

## IV. *THE DISTRICT COURT SHOULD REVIEW THE COMMISSION DECISION UNDER THE REASONABLENESS STANDARD*

While rejecting the petitioner's attempt to engraft a "homogeneity" requirement onto the express legislative requirement of "contiguity," our Supreme Court recognized in *Mutz v. Municipal Boundary Commission,* 101 N.M. 694, 688 P.2d 12 (1984), that the Commission is subject to a standard of reasonableness. *See id.* at 702, 688 P.2d at 20. "[R]easonableness is an inherent requirement in the Commission's determination because of the scope of review to which we are directed in appeals of administrative decisions, *i.e.,* to determine 'whether the administrative body acted fraudulently, arbitrarily or capriciously'.... defined as that which is 'unreasonable'...." *Id.* (citation omitted). The *Mutz* majority therefore concluded that "although the statute does not specifically direct the Commission to act reasonably, it is an implicit requirement because the element of reason in its decision, or its absence, is a basis for our review." *Id.*

We implicitly recognized the same standard of review in *Dugger v. City of Santa Fe,* 114 N.M. 47, 54, 834 P.2d 424, 431 (Ct.App.), *writ quashed,* 113 N.M. 744, 832 P.2d 1223 (1992). Although *Dugger* involved the petition method of annexation and was judicially reviewed under an entirely different standard, we noted the distinction as it related to the review of decisions of the Commission. *Id.* We noted that "[o]f the three types of

annexation procedures, two (the boundary commission and arbitration methods) are administrative, and one (the petition method) is legislative." *Id.* at 51, 834 P.2d at 428. We pointed out that this procedural distinction bears significance for judges who are reviewing annexation declarations:

Similarly, the legislature provided for the establishment of administrative bodies to make annexation decisions pursuant to the arbitration methods and boundary commission methods. § 3-7-6 (establishment of board of arbitration when municipality desires to annex contiguous territory); NMSA 1978, § 3-7-11 (Repl. Pamp.1987) (establishment of independent municipal boundary commission). Decisions of the municipal boundary commission are to be reviewed by certiorari. § 3-7-15(E). Thus, application of administrative standards of review to annexations made pursuant to these two methods is likewise proper.

*Dugger,* 114 N.M. at 54, 834 P.2d at 431.

Rather than review the Commission's decision under a standard of reasonableness, however, the district court in the instant case remanded the decision to the Commission to determine whether "there is a community of interest or a homogeneous community between the municipality and the territory·to be annexed." This was not authorized by the statutory procedure established by the Legislature. The Commission correctly followed its statutory mandate and determined that the area proposed for annexation is contiguous and may be provided with municipal services by the City. The district court was then obligated to determine whether, based on the Commission record, this decision was fraudulent, arbitrary or capricious, supported by substantial evidence, and within the scope of the Commission's authority.

## V. *CONCLUSION*

Because it appears that the district court employed the wrong standard of review in considering the Commission decision, we reverse and remand to the district court. That court should review Petitioners' remaining challenges to the Commission decision under the standard of reasonableness described in

*Mutz v. Municipal Boundary Commission,* 101 N.M. 694, 688 P.2d 12 (1984).

IT IS SO ORDERED.

ALARID, Judge, concurs.

HARRIS L HARTZ, Judge (specially concurs.)

HARRIS L HARTZ, Judge (specially concurring).

I agree that we must reverse the district court and remand for consideration of the remaining grounds raised in district court by the Appellees. In particular, I agree with the definition of "contiguity" set forth in Judge Black's opinion.

Also, the record does not support a conclusion that the annexation of the vacant land adjoining the City was a sham or subterfuge to enable the City to annex the commercial property along New Mexico State Road 273. *See generally Daugherty v. City of Carlsbad,* 120 N.M. 716, 905 P.2d 1120 (App.1995) (Hartz, J., dissenting). It is enough that the record reveals a plausible municipal purpose for annexing the vacant land other than the purpose of achieving contiguity between the City and the commercial property.